UTICA,
July, 1834.

Haswell
v.
Goodchild.

---

## HASWELL *vs.* GOODCHILD.

In an action by a mechanic or laborer, under the lien law in the city of New-York, to charge the *owner* of a building for moneys due by the *contractor* to the mechanic for work done, it is incumbent upon the plaintiff to show, that under the contract between the owner and contractor, there are moneys *due* from the former to the latter; the *onus probandi* lying upon the plaintiff and not upon the defendant.

The contract between the owner and contractor must be *in writing*, and the work for which the owner is sought to be charged must be done *in pursuance* of such contract; still it is not necessary to the enforcement of the remedy given by the statute that the work should be in literal compliance with the contract, nor will a departure from the prescribed mode in which it was to be done deprive the mechanic or laborer of his remedy, so long as the work is done upon the house mentioned in the contract: thus, where the contract was to build a *two story house*, and the house in fact built was a *three story house*, IT WAS HELD, notwithstanding the variance, that the mechanic or laborer who bestowed work upon the building was entitled to the remedy given by the statute.

ERROR from the superior court of the city of New-York. Goodchild sued Haswell in a justice's court in the city of New-York, to recover the amount of an account presented by

UTICA,
July, 1834.

Haswell
v.
Goodchild.

him to Haswell, for work done by him toward the building of a house for Haswell, under a written contract entered into by Haswell with one *Robert Beach*, who had contracted to build the house. The action was brought under the act entitled "An act for the better security of mechanics and others erecting buildings in the city and county of New-York," Laws of 1830, page, 412. The plaintiff declared "for work or labor done and performed *by* Robert Beach, the contractor, and upon a building of the defendant, the owner, under a statute called the lien law," &c. referring to the statute by its title. The defendant pleaded *non-assumpsit*, and gave notice of set-off. The parties agreed that the cause should be tried on its merits, without regard to formality of pleadings. On the trial the plaintiff proved, that before suit brought, he delivered to the defendant an attested account of the amount and value of the work and labor performed by him and remaining unpaid, and called upon the defendant to produce the contract entered into by him with *Beach* for the building of the house; after showing that a contract had been entered into by the defendant and Beach, relative to the building of a house, and that the same was in the possession of the defendant. The defendant refusing to produce the contract, the plaintiff proved by *parol* that a *written contract* was entered into between the defendant and Beach, relative to the building of a *two story house* by Beach for the defendant, in Henry street; that after the plates were put on the house, the defendant concluded to put on another story, and the house was accordingly finished a three story building. In reference to the adding of the third story, there was no specific contract; Beach was to be paid for it, as for *extra work*: and all the extra work was settled and paid for. The plaintiff proved that he did work upon the house of the defendant, and the value of such work. The justice decided that the plaintiff was not entitled to recover, and rendered judgment for the *defendant*. The plaintiff removed the cause by *certiorari* into the superior court of the city of New-York, where the judgment of the justice was *reversed*. The defendant sued out a writ of error.

*W. P. Hawes,* for the plaintiff in error.

*A. Williams,* for the defendant in error.

*By the Court,* SAVAGE, Ch. J. The plaintiff in error ob-
jects, *first* that the declaration before the justice is defective.
It would be so in any other court, and also in a justice's court,
had it been objected to before the justice ; but the parties waiv-
ed all objections to the pleadings, and agreed to go to trial up-
on the merits. The declaration should, according to the sta-
tute, have been for *money had and received*; it was, however,
in terms, an action upon the statute ; and as no objection to
the declaration was taken before the justice, where it might
have been amended, the judgment should not, for that cause,
be reversed. And *secondly,* the same answer is given to the
objection that the work is charged to have been done *by* Rob-
ert Beach, when it should have been *for* R. Beach. It is a cle-
rical error, of which advantage should have been taken before
the justice.

The written contract was not produced, though notice to
produce it was regularly given ; parol evidence of its contents
was therefore received, and without objection, on that ground ;
but it is objected that the contract proved was for building a
*two story house.* It is in evidence that the house upon which
the work was done is the same house mentioned in the con-
tract ; and suppose that the work was done upon an *extra job*
upon the same house, does that deprive the laborer of his hire ?
The statute was intended to secure to the laboring man the re-
ward for his labor ; all that he is concerned to know is, that
the house is " erected under a contract in writing between the
owner and builder." Is every man who draws a cart load of
materials, or carries a hod of mortar, to look into the contract
and examine its details, to see whether the house is being built
in all particulars according to the contract ? The remedy,
it is true, is an extraordinary one, and unless there is a *written
contract* between the owner and builder, the laborer has no
lien. Still, when there is such a contract, it cannot be ne-
cessary to the enforcement of the remedy, that the contract
should be literally performed, and that there should not be

UTICA,
July, 1834.

Haswell
v.
Goodchild.

any departure from it; nor is there any hardship in the case; the laborer is not entitled to his pay, unless there is money in the hands of the owner due to the contractor under the contract at the time when the notice is given.

This brings me to the consideration of the question on whom the burthen of proof lies, to show whether any thing is due or not from the owner to the contractor. The language of the statute is, that upon receiving the attested copy of the laborer's account, " such owner shall retain out of his subsequent payments to the contractor the amount of such work and labor, for the benefit of the person so performing the same." The plaintiff must, therefore, to bring himself within the statute, show that the defendant has money in his hands belonging to the contractor. Whether the evidence produced was sufficient, was a question of fact, in the first place, for the justice; and if he erred on that point, that error might have been corrected by the superior court, but cannot be corrected by this court. The superior court decided that it lay with the *defendant* to prove that he had paid the contractor, and thus disprove a balance in his hands; and, that the fact was not an ingredient in the cause of action, but a part of the defence. This proposition I cannot admit as thus broadly laid down. The action, it must be remembered, is for money had and received; that is, the plaintiff claims that the money of the contractor in the hands of the owner, shall be applied to the payment of the plaintiff's demand against the contractor. If, therefore, the plaintiff shows that the contractor owes him for labor, that does not make out his case; he must also show that the defendant owes the contractor. He must at least make out a *prima facie* case. All he attempted to show in this case was, that a written contract existed; he should have proved, as he might by parol, the contents of the contract, when the defendant refused to produce it. It may be that the money was not payable by the contract when the suit was brought. If the principle assumed by the court below is correct, the laborer is relieved from proving the only fact upon which the defendant's liability rests, to wit, his indebtedness to the plaintiff's debtor.

Had the contract been produced by the defendant below, the court could have seen when the money was to have been paid. The defendant refused to produce it, and therefore nothing is to be presumed in his favor. The ordinary course of business is to pay when the work is done. If payment is made in advance, that must be shown by the party making the payment; but still there must be some evidence showing the fact, that by the terms of the contract there is money due. If paid in advance by collusion, that does not discharge the liability of the owner; but if paid *bona fide*, whether in advance or not, the laborer has no right of action; but before the defendant can be called upon to produce exculpatory proof, the plaintiff should show, at least *prima facie*, that something is done. He had the contractor in court, and might have examined him on that point.