By the Court, Cowen, J.
Admitting that fraud of the character sought to be established, would form a ground of recovery, (which is quite questionable,) there was clearly no evidence of it which would warrant the court below in submitting the ques-.. tion to the jury.
But we think the court erred in holding, that the plaintiffs were bound to do more, in the first instance, than prove performance by H. Geer, the contractor and principal debtor. Pro tanto, the plaintiffs were assignees of H. Geer’s demand against Davis, (21 Wendell, 405,) who, had he been sued by H. Geer, must have taken the burthen of proving payment, on the latter showing that he had performed. The same rule applies as between Davis and H. Geer’s assignees, the material men. The statute confers on them a right to demand payment out of any arrears of the contractor, due from the owner when the account is served, or accruing afterward. (Vide act of 1830, § 1, 4.)
Haswell v. Goodchild, (12 Wendell, 373,) is not incompatible with the rule mentioned as to the onus probandi. In that case, the extra work was paid for; and though other work was shown to have been done, the evidence was quite equivocal whether it was in fulfilment of any written contract; or if it were, no written contract was produced or shown, to fix the time of payment under it. The decision went on the circumstances ; but it never can be received as repudiating the well established rule, that when .you show work done under á contract, and all the days of payment past, it throws the onus of proving actual payment on the employer. Such is the case before us. ’
Judgment reversed.