## NEW YORK COMMON PLEAS.

SULLIVAN respondent, agt. BREWSTER AND GALE, appellants.

The lien law passed July 11, 1851, applies to cases where the contract was made before its passage, if the labor was performed or the materials furnished afterwards, and is not in that respect unconstitutional.

The claimant must show that a payment has become due upon the contract of the owner before he is entitled to recover.

A judgment of non-suit, or dismissal of the proceedings on the trial is a bar to a second proceeding to enforce the same lien.

*General Term, May* 1853. Present, INGRAHAM, First Judge, Judges DALY and WOODRUFF. This was an appeal from the Justices' Court of the 4th District. The action was brought under the mechanics' lien law passed 11th July, 1851.

The defendants set up in their answer a former suit for the same claim, and a judgment of non-suit or dismissal of the complaint therein as a bar to any recovery in this action.

The plaintiff demurred to this part of the answer and denied the defendant's allegations as to the claim.

Upon the trial of the cause the defendants admitted the contract between them for erecting the building for Brewster, and that the plaintiff had a claim against Gale, the contractor, as claimed, for $81,37. That the papers creating a lien were duly filed in January, 1852; that proceedings were commenced to foreclose the lien, and a judgment of non-suit was granted in that action, and that the present action is on a second notice under the same lien.

The Justice rendered judgment for the plaintiff for the claim. Defendants appealed to this Court.

WM. P. LEE, *for Appellants.*
NILES and BAGLEY, *for Respondent.*

INGRAHAM, First Judge.—This action was brought in the court below to enforce a lien created under the mechanics' lien law. The defendants in their answer made a general denial of the plaintiff's claim, and set up as a bar a judgment of non-suit.

in a former proceeding to enforce the same lien.   The plaintiff demurred to so much of the answer as set up a former judgment, which demurrer was sustained by the court.

It appeared on the trial that the contract with the owner was made before the passage of the lien law, and the plaintiff, to support his case, merely proved a contract between the owner and contractor, without showing what the contract was or whether any payment had become due under it.   These questions are now presented to the court on this appeal.

1st.  Whether the law applies to contracts made before its passage.   2nd.  Whether the plaintiff should not show that some payment had become due, before he is entitled to a judgment against the owner.   3d.  Whether a judgment of non-suit in a former proceeding to enforce the same lien is a bar to a second proceeding for the same purpose.

The point first stated has not before been distinctly presented to us; but in the case of Doughty agt. Devlin, decided in May, 1852, we intimated that the views then expressed as to the extent of liability of the owner, would relieve this question from difficulty.   In that case the liability of the owner was restricted to the amount which by the contract he would be liable to pay, and he was to be credited for all payments made by him in good faith upon account of such contract.

The effect of applying this statute to contracts in existence at the time of its passage would be no alteration of the contract either to the prejudice of the owner or of the contractor.   The liability of the owner as to amount is not changed.   The proceeding only attaches to the money in his hands which remains due to the contractor, and applies it to the payment of a debt which the contractor owes and ought to pay.   It does not affect the rights of either, but only provides a new remedy for the collection of a debt which one owes and the other has the money of the debtor to pay with.

There is nothing in the statute which limits its operation to contracts made after its passage, but it does limit the claim to work done after its passage.   It would have been unnecessary so to restrict the plaintiff's claim if the remedy was only to be

effectual where the contract was made after the passage of the act. This limitation as to the time of doing the work or furnishing the materials shows the intent to have been to make it applicable to contracts then in existence, so far as any work should be done on account of them, subsequent to the passage of the statute. As it merely provides a new remedy without increasing the liability of the owner, there is nothing in it in this respect, which renders it liable to the objection that it impairs the obligation of contracts.

It becomes necessary in regard to the next point, to enquire what proof was necessary to make out the plaintiff's case, as to the indebtedness of the defendant Brewster, to his contractor on the contract.

The creditor may have a lien at any time whether any thing has become payable on account of the contract or otherwise, but the owner is not to be compelled to pay any greater sum than he agreed to pay by the contract. Under our former decisions on these provisions of the statute, it is settled in this court, that the owner cannot be called upon to pay any money on account of his contract, unless a payment has become due upon the contract since the creation of the lien, by filing the notice. Is it necessary then that the sub-contractor or material man should show that a payment has become due upon the contract before he can recover against the owner, or is it sufficient to show merely the existence of a contract between the parties?

If the action had been between the contractor and the owner upon the contract, the contractor to make out a *prima facie* case against him, would be required to show the performance of work sufficient under the contract to entitle him to payment.

The operation of the lien law is to transfer to the sub-contractor so much of the contractor's claim against the owner as would be sufficient to pay the debt of the contractor to his sub-contractor. It would be but reasonable to require the same amount of proof to recover against the owner for the same debt, whether the suit is brought by one or the other claimant. It is said that this would be requiring the plaintiff to prove a negative. This is not so. It is an affirmative proposition that

there was a contract, and also that a payment has become due upon it. This would be all that is required in either case, after showing that an indebtedness has existed; the discharge of that indebtedness must be proven by the owner, but until the fact is shown, that the building has so far progressed as to entitle the contractor to call for a payment under the contract, no case is made out by which a sub-contractor can claim payment under the contract as assignee of the contractor; nor is there any difficulty in making out the proof necessary on the part of the plaintiff. The law gives him ample means to compel the parties to produce the contract, and the plaintiff could easily show the state of the building at the time of commencing the suit, to be such as to establish a payment due under it, if such payment was due. This same question arose under the former lien law in the case of Haswell agt. Goodchild, (12 *Wend. Rep.* 373.) In that case the Superior Court held that the owner was to show that he had paid the contractor, and that the fact of indebtedness on the part of the owner was not an ingredient in the cause of action but a part of the defence. The Chief Justice of the Supreme Court in deciding the case, dissented from these views, and that court held that the plaintiff must show that the defendant (the owner) owes the contractor, and must make out a *prima facie* case. That it was not sufficient to prove that a contract existed, but that the money had become payable under it. That such a principle if assumed as correct would relieve the plaintiff from proving the only fact upon which the defendant's liability rests, viz : his indebtedness to the plaintiff's debtor. Although the present statute differs from the one in force at the time the decision above referred to was made, still there is nothing contained in it to alter the effect of the reasoning and decision in that case. The liability of the owner is to the same extent, and is enforced in a similar manner. The additional security arising from the lien on the land makes no alteration in the evidence necessary to establish the plaintiff's claim, and until such indebtedness on the part of the owner to the contrator is proven, the owner is not called upon to prove payment.

The court below in sustaining the demurrer to that portion of the answer which sets up the judgment of non-suit as a bar to this action, decided that such judgment did not prevent a second notice to enforce the same lien.

In actions to recover demands from the defendant a judgment of non-suit or dismissal of the complaint would not prevent a second action for the same cause, and this rule should be applied to this proceeding unless there is something in the act which would render a different rule necessary. It is proper, however, to remark, that a failure to recover against the owner does not deprive the plaintiff of his claim against his debtor. That remains unaffected by any failure to recover against the owner. Upon examining this statute I am of the opinion that it does not contemplate more than one proceeding to enforce the lien.

By the 8th section the action after issue is to be tried and judgment enforced in the same manner as upon issues joined and judgments rendered in other actions in the same court; and by the 9th section it is provided that a transcript of *every* judgment rendered shall be furnished to the successful party, who may file the same with the county clerk, and when the judgment is against the claimant, the clerk shall enter "discharged" against the claim upon the docket.

This is applied to *every* judgment, not merely to a final judgment. A judgment of non-suit on dismissing the plaintiff's complaint is just as much a judgment within the meaning of this section, as a judgment for the plaintiff, and so far as relates to that action it is a final judgment. The clerk could not refuse upon such a judgment to make the entry directed by the 9th section—and if the lien is once legally discharged, there is no provision for reviving it again.

This act only contemplates one notice, one issue, and one judgment. If the plaintiff fails either upon the merits or from want of proof, or any other cause, so as to allow a judgment in the action to be entered against him, such judgment operates on filing the transcript to discharge the lien, and the plaintiff must thereafter resort to his original debtor for the payment of his

demand.    Upon both grounds I think the Justice erred, and the judgment must be reversed.

Judges DALY and WOODRUFF concurred.