CATHARINE D. VOGEL, Respondent, *v.* JACOB G. LUIT-WIELER, Appellant, Impleaded with Others.

*Mechanic's lien act, chapter 342 of 1885 — right of a sub-contractor to file liens — sufficiency of the notice — payment by the owner to the principal contractor.*

In an action brought to foreclose a mechanic's lien, created under chapter 342 of the Laws of 1885, against the owner and the defendant, Luitwieler, it appeared that the plaintiff, who had entered into a contract with the owner to construct and finish a house, completed the work on the twenty-eighth day of July, and, on the same day, filed a notice as required by the provisions of the said act for the purpose of creating a lien on the premises for the amount then due to her. For the purpose of carrying out the said contract she had agreed with one Poppet to paint the building, and Poppet had done the work and purchased the materials used in painting the house from the defendant Luitwieler, who had thereafter filed a lien for the materials so furnished.

Upon an appeal from a judgment deciding that Luitwieler had no lien upon the premises, and directing that all the moneys due upon the contract be paid to the plaintiff:

*Held*, that the defendant Luitwieler, who supplied the paints to Poppet, was embraced within the class of persons mentioned in the first section of the said mechanic's lien act, who might secure a lien on the premises as "sub-contractors."

That it was one of the chief purposes of the law to secure persons who supply materials, which are used in the construction or finishing of the building erected on the lands of the owner, by giving them a lien thereon.

That the owner was entitled to have the appellant's lien paid and discharged out of the moneys due the contractor, and that the act provided for a case like this, with a view of protecting the owner from being compelled to make double

payments to secure a release of his premises from the liens placed thereon by the contractors or sub-contractor, material-men or laborers.

The plaintiff claimed that the notice of the Luitwieler lien was insufficient as it did not state the nature and character of the materials furnished by Luitwieler.

*Held*, that as the notice stated that the materials were furnished and used for the erection of the building in question, and as the plaintiff, the contractor, had engaged Poppet to do the painting and supply the materials, that, as between the parties to this appeal, the notice was a sufficient compliance with the act, and that the plaintiff had not been misled to her injury by reason of the omission complained of.

The plaintiff claimed that it did not appear that she was indebted to the subcontractor Poppet for the work and labor and materials furnished in painting the house:

*Held*, that as a liability once created was supposed to continue until it was shown that it had been discharged, it could not be assumed that Poppet had been paid until that fact was proved.

That, even if it appeared that Poppet had been paid for the work and labor which he had performed, the right of the appellant to place a lien upon the premises as a security for his debt was not thereby extinguished, as the right to do so was secured to him by the statute, and its validity was not made to depend upon the question whether his vendee had been paid by the party with whom the vendee contracted to do the work and labor.

APPEAL from a judgment entered in the office of the clerk of Monroe county on July 6, 1888, upon a decision rendered at the Monroe Special Term in an action to foreclose a mechanic's lien, created by and under chapter 342 of the Laws of 1885.

The plaintiff entered into an agreement with Edward Woods, who was then the owner of the premises, to construct and finish a house to be located thereon for the price of $3,070. Afterwards Woods sold and conveyed the premises to the defendant Forsyth, who assumed and agreed to perform the building contract. The plaintiff, on or about the twenty-eighth day of July, completed her contract, and there was then due her thereon the sum of $635; and she also did extra work of the value of $225, under and in pursuance of the provisions of the building contract. On the 28th day of July, 1887, and within ninety days after the completion of the contract, the plaintiff filed a notice, as required by the provisions of the said act, for the purpose of creating a lien on the premises. For the purpose of carrying out the said contract on her part, the plaintiff agreed with one Poppet to paint the building and furnish the materials

therefor. The price she was to pay for the work does not appear by the findings. Poppet did the work and furnished the material as agreed. He purchased the materials used in painting the house from the defendant Luitwieler, and they were of the value of $225. The trial court found, as a fact, that he sold and delivered the materials to Poppet upon the sole credit of the latter, and they were charged by Luitwieler to said Poppet in an account upon the books of Luitwieler, and that the latter knew, when the goods were sold and delivered, that they were to be used in constructing the building on the premises. The complaint sets forth the fact that Luitwieler filed a notice of lien, and then avers that the same is void and of no effect, and, in form and substance, the same does not comply with the provisions of the statute; and that he did not furnish the plaintiff or the owner of the building any goods, wares or merchandise, and that neither the plaintiff or the owner is indebted to him for any materials which he furnished in the construction of said building. The judgment demands that the plaintiff's lien be adjudged prior and superior to the lien of the defendant Luitwieler. The trial court found, as a matter of law, that Luitwieler had no lien upon the premises, and directed that all the moneys due upon the contract be paid to the plaintiff. The judgment was entered in accordance with the findings. Luitwieler alone appeals from the judgment.

*Turk & Barnum,* for the appellant.

*John J. Snell,* for the respondent.

BARKER, P. J.:

The first and principal question in the case is, was the defendant Luitwieler, who supplied the paints to Poppet, the sub-contractor, embraced in the class of persons mentioned in the mechanic's lien act who might secure a lien on the premises on compliance with the provisions of the law? (Laws 1885, chap. 342.) The first section provides that "any person * * * who shall hereafter perform any labor or service, or furnish any materials which have been used or which are to be used in erecting, altering or repairing any house, building or, * * * with the consent of the owner, as hereinafter defined, or his agent, or any contractor or sub-contractor, or any

other person contracting with such owner to erect * * * may,. upon filing the notice of lien prescribed in the fourth section of this. act, have a lien for the principal and interest of the price and value of such labor and material. * * * But in no case shall such owner be liable to pay, by reason of all the liens filed pursuant to this act,. a greater sum than the price stipulated and agreed to be paid in such contract, and remaining unpaid at the time of filing such lien, or in case there is no contract than the amount of the value of such labor and material then remaining unpaid, except as hereinafter provided." The facts found by the trial court bring the defendant Luitwieler within the terms of the act, and he, on complying with the other provisions of the act, could secure a lien on the premises although the material was supplied to a sub-contractor and on his personal credit. It is one of the chief purposes of the law to secure persons who supply material which is used in the construction or finishing of the building erected on the lands of the owner by giving them a lien thereon. Usually the question whether a lien has been created or not arises between the claimant and the owner of the premises. In the case now before us no one disputes the validity nor the amount of the plaintiff's lien. The owner does not interpose any defense, nor has he appeared in the action. He admits that he is indebted to the plaintiff under the building contract in the sum mentioned, and also that both the plaintiff and the appellant have good and valid liens. When the building was completed there was due and unpaid on the contract the sum of $635. It is unnecessary, in disposing of the questions now presented, to take any notice of the amount due for extra work, as the appellant's claim is less than the sum due the plaintiff by the terms of the contract. The act provides for the foreclosure of liens created in pursuance of its pro_ visions, and all lienors, prior or subsequent to the plaintiff's lien, may be made parties to the action. The manner and form of instituting and prosecuting any such action to judgment, or an appeal from such judgment shall. be the same as in actions of foreclosure on real property, except as in the said act otherwise specially provided. (Secs. 7, 8.) It is also provided that all persons who have filed notices of liens shall, by answer in the action, set forth the same, and the court in which such action is brought may settle and determine the equities of all the parties thereto, and decide as to the extent, justice

and priority of the claims, of all the parties to the action, and upon every counter-claim or set-off alleged therein to the extent of their respective jurisdictions.

In justice and equity the owner is entitled to have the appellant's lien paid and discharged out of the moneys due the contractor, and the act provides for a case like this with a view of protecting the owner from being compelled to make double payment to secure a release of his premises from the liens placed thereon by contractors, sub-contractors, material-men or laborers. In section 20 there is a provision that all persons entitled to liens under the provisions of the act, except those who contract with the owner, shall be deemed sub-contractors, and the court, in the judgment, shall direct the amount due sub-contractors to be paid out of the proceeds of sales before any part of such proceeds are paid to the contractor; and that all persons standing in equal degree as co-laborers, or the various persons furnishing materials, shall have priority according to the date of filing their liens; and where several notices or liens are filed for the same demand, as in case of a contractor including claims for workmen to whom he is indebted, and the lien by workmen, the judgment shall provide for the proper payment so that under the liens filed double payment shall not be required; and in every case where different liens are asserted against property the court, in the judgment, must declare the priority of such liens, and the proceeds of the sale of the property must be applied to each lien in the order of its priority, (Secs. 20, 21.) By the very terms of the act the defendant is to be treated as a sub-contractor, and is entitled to have his debt paid out of the amount due the plaintiff on her contract before any sum can be retained by her out of the proceeds of the sale. The equity of these provisions is manifest, and arises out of the fact that the person who furnishes the material has contributed the amount of his debt towards the completion of the contract, and such sum is embraced in the amount due the contractor and secured by the lien which he placed on the property. Where the contractor and the sub-contractor have, as each may, placed a lien on the property there can be but one payment enforced from the owner, and that is limited to the amount due on his contract; and the act justly provides, and the court cannot disregard its provisions, that the sub-contractor shall be first paid.

As the sub-contractor would not be a proper party in an action to foreclose a lien placed on the property by the contractor, unless he has secured a lien on the premises for his own security, the plaintiff may litigate with him the validity of the lien set up by the sub-contractor. The fact is found, and the evidence supports the findings, that the appellant supplied material which was of the value set forth in the notice of lien, and the only other question left for inquiry is whether the notice, as filed, is in substantial compliance with the requirements of the statute?

The only criticism made by the respondent as to the sufficiency of the notice is that it does not state the nature and character of the material furnished by the claimant. We think that the notice may be regarded as a substantial compliance with the requirements of the fourth section, as between the claimant who asserts the lien and the plaintiff who raises the question. If the material had been furnished directly to the plaintiff, instead of his sub-contractor, we think it could be fairly said that an objection of this character would be without merit, as the contractor could not be misled by the omission. The notice is required for the purpose of giving information to the owner, so that he may, upon inquiry, ascertain whether the material has been actually furnished or not, and the value of the same. In this case we are unable to see how the plaintiff, the contractor, has been misled or can now be surprised because the nature and character of the material was not stated in the notice. He engaged Poppet to do the painting and supply the materials, and the notice states that the materials were furnished and used for the erection of the building in question; and that there was due from Leonard Vogel, who was the plaintiff's agent in making the contract to furnish the material, the sum of $225, the amount now claimed. The contract for the constructing of the building was made in the name of Leonard Vogel, as agent, without disclosing that the plaintiff was, in fact, his principal; and, in legal effect, it was Vogel's contract and not the plaintiff's. The act itself declares that it is a remedial statute, and is to be construed liberally to secure the benefits, interests and purposes thereof; that a substantial compliance with its provisions shall be sufficient for the validity of the lien or liens provided thereby, and to give jurisdiction to the courts to enforce the same. We are inclined to hold that, as between the

parties to this appeal, the notice was a substantial compliance with the act, and that the respondent has not been misled to her injury by reason of the omission complained of. The case of *Luscher* v. *Morris* (18 Abb. N. C., 67) is not in point.

The respondent makes the further point that it does not appear that the contractor is indebted to the sub-contractor, Poppet, for the work and labor and material furnished in painting the house, and for that reason the appellant did not establish a valid lien on the premises. We cannot assume that Poppet has been paid, and, until the contrary appears, it may be presumed that he has not been, as a liability once created is supposed to continue until it is shown that it has been discharged. But if it appeared that Poppet had been paid for the work and labor which he performed, the right of the appellant to place a lien upon the premises as a security for his debt was not thereby extinguished; for the right was secured to him by statute, and its validity is not made to depend upon the question whether his vendee had been paid by the party with whom the latter contracted to do the work and labor. Such a construction placed upon the statute would contravene and defeat its express objects and purposes, and, so far as it was intended as a protection for material-men and laborers, it would enable the contractor and the sub-contractor, by concert of action, to deprive them of the benefits of the statute.

The judgment should be modified by directing the payment of the appellant's claim, in the first instance, out of the proceeds of sale, and that the same be modified in other respects so as to comply with the views which we have expressed; and, as modified, the judgment is affirmed, with costs of this appeal to the appellant, to be paid out of the proceeds of the sale ordered to be paid to the respondent, and, if they are insufficient, to be paid by her personally · the order to be settled by Barker, P. J.

Dwight and Macomber, JJ., concurred.

Judgment modified as specified in opinion, and, as modified, affirmed; judgment to be settled by Barker, P. J.