Dwight, P. J., and Corlett, J., concurred.

Interlocutory judgment affirmed, with costs.

---

## ANTON WEISEMAIR, Appellant, *v.* THE CITY OF BUFFALO, Respondent.

*Municipal corporation — contract for public work — abandonment thereof by the contractor — right of a lienor to the percentage retained by the city under the terms of the contract.*

One Winter, who had entered upon the execution of a contract to complete a local improvement in the city of Buffalo, which provided that the city should retain twenty per cent of the contract-price until three months after its completion, having done a certain amount of work abandoned the contract, leaving in the hands of the city, unpaid to him for the work done, the sum of $155, which was less than twenty per cent of the value of the work done.

Thereafter a mechanic's lien was filed, under chapter 315 of 1878, by one of the workmen of Winter, the lienor claiming that he was entitled to this balance of $155 for work done by Winter prior to his abandonment of the contract. Subsequently to Winter's abandonment of the work his sureties completed it under an agreement with the city that they should receive for the work required to be done by them the balance of the contract-price not already paid to Winter. The value of this work done by the sureties exceeded the compensation so agreed to be paid to them.

*Held,* that the provision for the retention by the city of twenty per cent of the amount due on the contract was not made for the benefit of the contractor or his employees, but for the benefit of the city.

That the lienor had no lien on any portion of the balance of the contract-price, because no part of it had ever become due to the contractor.

That the contract with the sureties was a new contract and could not enure to the benefit of the original contractor, nor to that of his lienors.

APPEAL by the plaintiff Anton Weisemair from a judgment, entered in the office of the clerk of the county of Erie on the 28th day of July, 1888, after a trial in the Erie County Court before the county judge and a jury, at which a verdict was directed by the court in favor of the defendant.

The action was brought to enforce the payment of an amount claimed to be represented by mechanics' liens which had been filed by the plaintiff and one William Loehr, his assignor, who were employed by Frank Winter in the execution of certain city work which Winter had agreed with the defendant, the City of Buffalo, to perform.

*Giles E. Stillwell,* for the appellant.

*Frank C. Laughlin,* for the respondent.

DWIGHT, P. J. :

The plaintiff and his assignor of a portion of the claim sued upon, were workmen in the employ of one Winter on a contract of the latter to do the work of a local improvement in the city of Buffalo. By the terms of the contract the defendant was entitled to retain twenty per centum of the contract-price until three months after the completion of the work. On the 7th of June, 1887, the contractor having done work to the amount of $1,275, and having been paid thereon the sum of $1,120 abandoned the work, leaving in the hands of the defendant the sum of $155, or less than twenty per centum of the value of the work done. On the twenty-fifth day of June, the plaintiff and his assignor filed mechanics' liens, under the provisions of chapter 315 of the Laws of 1878, for the amount of their claims for work done before June seventh. Thereafter the defendant notified the sureties of the contractor to complete the work, and they did so under an agreement with the defendant that

they should receive for the work required to be done by them the balance of the contract-price not already paid to Winter; and upon their completion of the work August 1, 1887, that balance was paid to them. The value of the work done by the sureties was more than the compensation so paid.

The contention on the part of the plaintiff is that the liens of himself and his assignor, though filed after the abandonment of the work by their employer, Winter, and after payment to him of more than the full amount, which he was entitled to receive up to that time, attached to the balance of $155 retained under the contract; that the payment of the entire balance of the fund on the first of August to the parties completing the work, while it defeated the liens excused the lienors from bringing an action to foreclose within the ninety days limited by the statute or at any time thereafter, and that the defendant is liable for its wrongful act in paying out the balance of the fund; and we understand counsel to contend that the act was wrongful for two reasons, first, because it defeated the provisions of the statute which give the lienors ninety days after filing their liens in which to commence an action to foreclose them; and, second, because it was in direct violation of the defendant's contract to retain twenty per centum of the money earned for three months after the completion of the work.

Neither of these positions is at all tenable. The provision of the contract referred to was not for the benefit of the contractor, still less for that of his employees, but for the benefit of the city as security on the part of the contractor that the work done should remain or be kept in repair for the period named after its completion. It was a condition which the city might waive at its pleasure, and under which no other party could claim any rights.

The other ground of contention is equally unavailing. The lienors had no lien on any portion of the balance of the contract-price, because no part of it ever became due to the contractor. By abandoning the work before its completion the contractor forfeited all right to the balance retained by the city. That balance was not to become due to the contractor until three months after the completion of the work under the contract with him. The contract with his sureties was a new contract, and could not enure to his benefit nor to that of his lienors. (*Haswell* v. *Goodchild*, 12 Wend.,

373; *Hagan* v. *American Baptist Society*, 6 N. Y. State Rep., 212, 217, and the cases cited.)

The question of fact whether Winter had agreed with his sureties to complete the work for $200, the balance of the contract-price over and above the amount retained by the city on the work done by the former was immaterial. There was no pretense that the city or its officers had any notice of such an agreement if it was made, and the evidence is undisputed that they contracted with the sureties in good faith, and that the price paid to them was not more than the actual value of the work done by them.

The judgment of the County Court was right and must be affirmed.

MACOMBER and CORLETT, JJ., concurred.

Judgment of County Court of Erie county appealed from affirmed, with costs.