## FRÉNCH et al. v. BAUER et al.

*(Common Pleas of New York City and County, General Term. December 1, 1890.)*

APPEAL—IMPORTANT QUESTION—MECHANICS' LIENS.

　The question whether an employe of a subcontractor for the erection of a building can enforce against the owner, under Laws N. Y. 1885, c. 342, a lien for work and materials, filed after payment by the owner to such subcontractor in full, he being entitled thereto, but before the last payment by the owner under the contract became due and was paid, is of sufficient importance to justify granting leave to appeal to the court of appeals in a case originating in a district court, although a similar question had been decided under the law previously in force.

　Application for leave to appeal to the court of appeals from a judgment affirming a judgment of a district court. For the decision on the appeal, see *ante,* 69.

　Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

　*E. D. McCarthy,* for appellants. *James R. Angel,* for respondents.

　BISCHOFF, J. The question of law determined adversely to the plaintiffs by the general term of this court in June, 1890, was as follows: "Can a mechanic's lienor,—the statutory provisions respecting filing and serving notice of lien having been duly fulfilled,—who was employed by a subcontractor to furnish work and materials, which he did with the knowledge and consent of the owner of the premises, recover the amount of his lien from such owner, where, subsequently to the filing of the lien, the last payment by the owner becomes due, and is paid, although the subcontractor who employed the lienor had been paid in full before the lien was filed," it also appearing that the subcontractor, at the time of payment to him, had fully performed his contract, and was entitled to payment. I am unable to find, after examination, that the question presented has ever been determined by the court of appeals in respect to the mechanic's lien law, c. 342, Laws 1885. The precise question was determined by this court in February, 1887, in *Hagan* v. *Society,* 14 Daly, 131, and it was there held that, in the case mentioned, the employe of the subcontractor could not recover from the owner. The appellant in the present case referring to *Hagan* v. *Society* urges, as one of the reasons why his present application should be granted, that the decision in that case was by a divided court, the prevailing opinion being by BOOKSTAVER, J., concurred in by ALLEN, J., and dissented from by LARREMORE, C. J. It appears, however, that the opinion in the present case, also by BOOKSTAVER, J., was concurred in by LARREMORE, C. J. *Hagan* v. *Society* is cited with approval by the general term of the supreme court, fifth department, in *Weisman* v. *City of Buffalo,* 10 N. Y. Supp. 569,—the opinion being by DWIGHT, P. J., and concurred in by MACOMBER and CORLETT, JJ., although the general term in the same department were unanimous in their opinion in *Vogel* v. *Luitwieler,* 5 N. Y. Supp. 154, relied upon by appellants as containing a view contrary to that expressed by the general term of this court upon the appeal herein. While I do not agree with the appellants that the question in this case, and in *Hagan* v. *Society,* was similar to that litigated in *Vogel* v. *Luitwieler,* it not appearing in the last-mentioned case that the contractor or subcontractor had been fully paid upon the completion of their contracts, before the filing of the defendant Luitwieler's notice of lien for material supplied to the subcontractor and at his request, I do believe that the question presented, in view of the many persons who may be affected

by the vast and constantly occurring building enterprises in this city and elsewhere, is of sufficient importance to entitle it to be determined by the court of last resort. The appellants should have leave to appeal to the court of appeals. All concur.