GEORGE H. McCHESNEY, Appellant, *v.* THE CITY OF SYRACUSE and Others, Respondents.

*Mechanic's lien — by sub-contractor — when ineffectual as against the owner — chapter 315 of the Laws of 1878 — costs.*

Where, at the time of filing a mechanic's lien by a sub-contractor, the work had been abandoned by the contractor, and there was then nothing due him from the owner, such lien is ineffectual as against the owner, a municipal corporation, although it had appropriated, and had still, unexpended in its hands, a sum of money to be used for the construction of the building in question.

The costs in an action brought in pursuance of chapter 315 of the Laws of 1878 rest in the discretion of the court, which has power to award a separate bill of costs in favor of each of several defendants.

APPEAL by the plaintiff, George H. McChesney, from that part of a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Onondaga on the 23d day of February, 1893, upon the decision of the court, rendered after a trial at the Onondaga County Special Term, which adjudged that the plaintiff, by the filing and service of a certain notice of lien, did not acquire any lien upon or right, title and interest in certain moneys appropriated by the city of Syracuse for the erection of a school building, and directed the payment of such fund to the defendant William Crabtree, and the cancellation of such notice of

lien, and gave the defendants the City of Syracuse and William Crabtree costs of the action.

A judgment in this action was entered in Onondaga county February 23, 1893, by which, as against the respondents, the plaintiff's complaint was dismissed, with costs, and by which it was directed that the city of Syracuse pay over to the defendant Crabtree the sum of $1,234, and that the plaintiff recover from the defendants Baker & McAllister the sum of $1,498.54, with costs.

The appellant appeals from that portion of the judgment which dismissed the complaint, with costs, as to the city of Syracuse and Crabtree, and also from that portion which directed the city of Syracuse to pay over to Crabtree the sum of $1,234.

*Gill & Stilwell*, for the appellant.

*Charles E. Ide*, for the respondent The City of Syracuse.

*Wilson, Kellogg & Wells* and *Charles G. Baldwin*, for the respondent Crabtree.

MARTIN, J. :

This action was brought in pursuance of the provisions of chapter 315 of the Laws of 1878 to foreclose a mechanic's lien filed in pursuance of that statute. The defendants Baker & McAllister were co-partners, and on October 2, 1890, entered into a contract with the board of education of the city of Syracuse to furnish the materials and labor necessary to perform and complete the carpenter work on a brick school building according to plans and specifications made by Asa L. Merrick, who was the architect in charge of the building, for the sum of $4,434.

The plaintiff between November 22, 1890, and February 28, 1891, furnished materials to Baker & McAllister of the value of $1,322.90, which were used in the construction of such building, and for which he has not been paid.

On March 26, 1891, Baker & McAllister made a general assignment for the benefit of their creditors to the defendant Crabtree, who accepted the trust and entered upon his duties as such. But there came into his hands as such assignee only the sum of about fifty dollars, which was insufficient to pay the expenses of the assignment.

On the twenty-eighth day of the same month the plaintiff filed a notice of lien with the city treasurer of the city of Syracuse and the president of the board of education, for the sum of $1,322.90 and interest. The building was but partially completed at the time of the filing of such notice. The sum of $2,600 had been paid upon the contract. At the time of the assignment, and when the notice of lien was filed, there was nothing due the contractors. There was, however, if the contract was performed, to become due the sum of $1,834, to be paid as the work progressed.

Baker & McAllister did nothing towards the performance of the contract after the assignment, but abandoned it, which was known to the board of education and the city of Syracuse through the supervising architect and otherwise. Crabtree was surety on a bond given by Baker & McAllister to secure the performance of the contract on their part.

The court found that after Baker & McAllister abandoned the contract, Crabtree, at the request of the architect, with the knowledge of the board of education and the city, undertook the work of completing the building under the supervision of the architect, and completed it in accordance with the requirements thereof and expended therefor, in addition to his own services, which were of the value of $250, the sum of $1,880 of his own funds, which was the reasonable value of the work and materials furnished by him; that Crabtree in no part of the business acted in his capacity as assignee of Baker & McAllister, and used no money of the assigned estate therefor, but acted as agent for the city, and under the authority, direction and control of the architect thereof, which authority of the architect and agency of Crabtree were duly ratified and confirmed, with full knowledge of all the facts, by the city, by its acceptance and occupation of the building as completed; and that the plaintiff, by filing his notice, did not acquire any lien as against the city of Syracuse or as against Crabtree upon the fund applicable to the completion of the building.

The court also found that on April 17, 1892, the city, through its board of education and upon an estimate furnished by the architect to Crabtree, paid him individually on the amount earned by him in the work of completing said building the sum of $600, and that

there was in the hands of the city treasurer applicable to payments for the construction of the work $1,234 to which Crabtree was justly entitled for the money expended by him for the completion of the building.

Upon the facts found, the trial judge held as conclusions of law : (1) That the plaintiff's complaint should be dismissed as against the city and Crabtree, with costs to each against the plaintiff. (2) That the plaintiff, by filing his notice of lien and the service thereof, acquired no lien upon or to any of the money appropriated for the erection of the building mentioned in the contract. (3) That by the abandonment of the contract the contractors lost their right to recover from the city, or to receive any of the funds provided for the construction of the building, except such as had been paid them prior to the notice of the lien. (4) That the city should pay over to Crabtree the sum of $1,234, or whatever balance there was, and thereupon was entitled to have the notice of lien canceled and discharged. (5) Upon such payment being made, that the city should be released and discharged from all liability to the plaintiff or the other defendants by reason of the execution of such contract. (6) That the plaintiff was entitled to recover against the defendants Baker & McAllister the sum of $1,322.90, with interest and costs. The court directed judgment accordingly.

There was very little conflict in the evidence given upon the trial. The only question upon which there was any substantial dispute was whether the defendant Crabtree completed the building as assignee of Baker & McAllister, or whether he did it individually and to protect himself against liability on the bond which he had executed to the board of education. Upon that question the court found that the work was performed by Crabtree individually, and not as such assignee. This finding was fully and fairly sustained by the evidence.

That the contract was abandoned by Baker & McAllister several days before they made their general assignment is quite obvious. We also think the evidence was quite sufficient to justify the court in finding that Crabtree was employed to complete the building for the city, and in holding that he was entitled to the remainder of the fund dedicated to that purpose. At the time of the filing of the notice of lien there was nothing due Baker & McAllister. They

had before that time abandoned the contract, and the notice of lien was ineffectual to charge the funds in the hands of the city. The expense of completing the work, including Crabtree's services, was several hundred dollars greater than the amount unpaid on the contract. Under these circumstances we are unable to discover any principle upon which it could be held that the plaintiff acquired a lien upon the fund in question. We are of the opinion that the decision of the learned trial judge was right, and is fully sustained by the authorities in this State bearing upon the question. (*Weisemair* v. *City of Buffalo*, 57 Hun, 48; *McCorkle* v. *Herrman*, 117 N. Y. 297; *Larkin* v. *McMullin*, 120 id. 206; *Van Clief* v. *Van Vechten*, 130 id. 571; *Hollister* v. *Mott*, 132 id. 18; *French* v. *Bauer*, 134 id. 548; *Mack* v. *Colleran*, 136 id. 617; *Ogden* v. *Alexander*, 140 id. 356, 362.)

But it is said that the cases cited arose under the statute of 1885 and not under the Laws of 1878. That is true as to most of them, and yet we think the principle of the cases is applicable to the question before us.

The appellant also contends that the city had no right under its charter to thus employ Crabtree to complete the work on this building. With this contention we do not agree. But if it were correct, we do not see how it would affect the rights of the plaintiff as it would not entitle him to recover. That question was one in which only the city and Crabtree were interested. So far as this action was concerned, it in no way affected the plaintiff or any of his rights. It having been properly held by the court that the fund in question did not belong to and could not be recovered by the plaintiff, whether the court awarded it to the defendant Crabtree, or left it in the possession of the city, was a question which in no way concerned the plaintiff. We think the decision of the trial judge upon the merits of this controversy was right and should be upheld.

We have examined the various rulings of the trial judge upon the admission and rejection of evidence, to which our attention has been called, but have found no error which would justify us in reversing the judgment.

Nor do we discover in the refusal of the trial court to find in accordance with the proffered requests of the plaintiff any such error as would justify us in disturbing this judgment.

The only remaining question suggested by the appellant is as to the costs awarded to the defendants. The court dismissed the plaintiff's complaint as against the city of Syracuse and the defendant Crabtree, with a bill of costs to the city, and one to Crabtree against the plaintiff. The statute under which this action was brought provides : " Costs in all actions shall rest in the discretion of the court, and shall be awarded to or against the plaintiff or defendants, or any or either of them, as may be just." (Laws 1878, chap. 315, § 11.) Thus, in an action commenced in pursuance of that statute, the costs are clearly in the discretion of the court, and we find no reason to doubt its power to award a separate bill of costs in favor of each of the defendants named, nor to question the propriety of such award.

These considerations lead us to the conclusion that the judgment should be affirmed

HARDIN, P. J., and MERWIN, J., concurred.

Judgment affirmed, with one bill of costs only.