JEREMIAH HACKETT, Respondent, *v.* ISAAC BADEAU, Appellant.

Defendant contracted to sell certain premises in Brooklyn to D. with the condition that the latter should erect buildings thereon, defendant loaning him money for that purpose, and reserving the right to retain, from the advances agreed upon, the amount of any unsatisfied mechanic's lien. Plaintiff filed a mechanic's lien for work upon the buildings, done under a contract made with D. Defendant foreclosed the contract, sold the property and bid it in. In an action to foreclose the lien, *held*, that as defendant permitted the contract under which the work was done, he thereby, under the mechanic's lien law for the counties of Kings and Queens (chap. 478, Laws of 1862), subjected his lien for the purchase money to plaintiff's lien, and upon the foreclosure took title subject to such lien.

(Argued December 10, 1875; decided December 21, 1875.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, affirming a judgment in favor of plaintiff entered upon a decision of the court at Special Term.

This action was brought to foreclose a mechanic's lien upon certain premises in the city of Brooklyn.

Defendant Badeau being the owner of certain lots in the city of Brooklyn contracted to sell the same to William H. Duryea, the latter agreeing forthwith to commence the erection of a block of stores and of dwelling-houses thereon. To enable him to build Badeau agreed to loan him $25,000, in specified sums as the work progressed, and it was provided, that if at any time when an advance on account of the loan was demanded there were unsatisfied mechanics' liens on the

Opinion of the Court, per ALLEN, J.

premises, Badeau might retain the amount thereof out of the loan. It was also agreed that Duryea would not assign without the written consent of Badeau. One Hatch negotiated with Duryea to take an assignment of the contract, and assuming that he would obtain such assignment, with the assent of Duryea and acting for him, contracted with plaintiff to dig the cellars for the buildings. Plaintiff did the work contracted for, but Badeau refused to consent to the assignment; and, subsequently, Duryea having failed to perform his contract, foreclosed the same, and sold the premises, bidding them in.

The court found, as conclusions of law from these facts, that plaintiff. had a valid lien and directed judgment of foreclosure and sale.

Further facts appear in the opinion.

*Abel Crook* for the appellant. The mechanic's lien law being in derogation of the common law must be strictly construed as to the creation of the lien. (*Looney* v. *Hogan,* 9 N. Y., 439; *Spencer* v. *Barnett,* 35 id., 96; *Mushlett* v. *Silverman,* 50 id., 362.) Any equitable lien plaintiff might have was defeated by the sale. (*Rollin* v. *Cross,* 45 N. Y., 766.)

*D. P. Barnard* for the respondent. Plaintiff could claim a lien under chapter 335, Laws 1853, and chapter 478, Laws of 1862. (*Hart* v. *Wheeler,* 1 T. & C., 403; *Rollin* v. *Cross,* 45 N. Y., 766.)

ALLEN, J. The statute regulating mechanics' liens in the counties of Kings and Queens gives a lien for labor and materials furnished for buildings, by virtue of any contract with the owner or any person permitted by the owner of lands to build thereon. (Laws of 1862, chap. 478; *Rollin* v. *Cross,* 45 N. Y., 767.)

At the time of making the contract for, and the actual furnishing of the labor and materials, for which the plaintiff asserts a lien, Duryea was the equitable owner, under an

executory contract of purchase from the defendant who held the legal title to the premises. The contract, by virtue of which the labor and materials were furnished, was made with the assent of, and virtually by Duryea. A personal judgment has gone against him for the claim, from which no appeal has been taken. The defendant, the holder of the legal title with a lien for the purchase money, expressly permitted the contract with the plaintiff, and thus subjected his lien for the purchase money to the liens that might be acquired by mechanics for materials and labor furnished in the erection of buildings. By the contract of sale to Duryea, he made it a condition that the latter should erect the buildings, and agreed to loan to him money for that purpose. He also made provision for his own protection against mechanics' liens, by reserving the right to retain, from the moneys to be loaned, the amounts of any such liens that should remain unsatisfied. The contract for the labor and materials having the assent of both the legal and equitable owners of the premises, the mechanics acquired a valid lien as against each. It follows that the defendant, upon a foreclosure of his lien for the purchase money, took the title subject to the lien of the plaintiff. This is not like the case of *Loonie* v. *Hogan* (5 Seld., 435) That was a personal action to recover of the seller of lands, the value of materials sold to the vendee, and the court held there was no privity between the plaintiff and defendant in respect to the materials furnished and consequently no personal liability on the part of the defendant to pay for the same.

The judgment of the court below was right and must be affirmed.

All concur.

Judgment affirmed.