LAWRENCE SMULLEN *et al.*, Appellants, *against* WILLIAM H. HALL *et al.*, Respondents.

(Decided December 28th, 1885).

The owner of certain lots in the City of New York, having erected thereon houses which were not fully completed, contracted to sell them to the defendant, and to complete the houses before the day fixed for conveying the title; and subsequently made a contract with plaintiffs to do the work and furnish materials necessary to complete the houses in accordance with his contract of sale. *Held*, that plaintiffs were not entitled to a lien upon the property for such work and materials, under the Mechanics' Lien Act of 1883 (Consolidation Act § 1807), which gives such a lien for work done and materials furnished "under or in pursuance of or in conformity with a contract, agreement, or employment by the owner," &c. of land; nor to a lien upon the equitable lien of the vendor for unpaid purchase money.

The contract with the owner intended by the statute is the plain case of a contract by which work is done for the owner, and not a contract of sale, as in the present case, where work remains to be done merely to complete an entire structure which had been commenced by the vendor as owner, without any reference to a sale to any particular vendee; and which work the vendor agrees with the vendee to have performed in order to obtain possession of completed structures.

APPEAL from a judgment of this court entered upon the decision of the judge upon trial by the court without a jury.

The action was brought to foreclose a mechanics' lien filed by plaintiffs on May 6th, 1884, for $355, against five houses and lots on the south side of One hundred and seventeenth Street one hundred feet west of First Avenue. The work stated to have been done by plaintiffs was the furnishing of stoops and railings ; the debtors of plaintiffs were alleged to be Peter McCormick and William H. Hall, and the reputed owner of the premises was alleged to be William H. Hall ; and it was set forth that said McCormick agreed to pay plaintiffs for the work and materials.

Upon trial by the court without a jury, the complaint was dismissed and judgment for defendant was thereupon entered. From the judgment plaintiffs appealed.

*M. J. Earley* and *L. E. Prendergast,* for appellants.

*James A. Seaman,* for respondent.

J. F. DALY, J.—[After stating the facts as above].—On the trial of the action it appeared that McCormick, being the owner of the premises in question, and having erected five houses on the lots (and said houses being completed except as to fire-escapes, cementing of cellars, iron rails on stoops and in front, finishing of yards with flags or cement, finishing of water closets, rear fence, retaining dry wall on east side of yard of No. 342, and gas fixtures and oil cloths in halls), contracted on March 22d, 1884, to convey all the premises to Hall for $95,001, and to finish the said houses in the particulars above mentioned before the day of completing title, which was to be on or before April 15th, 1884.

On March 26th, 1884, or four days after thus contracting to sell the premises, McCormick made a contract with the plaintiffs to furnish and put up the iron rails, which was one item of the work necessary to be done by McCormick to finish the buildings in accordance with his contract of sale with Hall. It is claimed by plaintiffs that the work subsequently performed by them under their contract, which work was done when Hall was legal owner by virtue of the

Smullen v. Hall.

delivery of the deed to him on April 7th, 1884, was within the terms of the Mechanics' Lien Act of 1883, being section 1807 of the Consolidation Act, as work performed " under or in pursuance of or in conformity with a contract, agreement or employment by the owner" Hall. This view cannot, I think, be sustained. The contract with the owner which the statute intends is the plain case of a contract by which work is done for the owner, and not a contract of sale, as in the present case, where work remained to be done merely to complete an entire structure which had been commenced by the vendor as owner, without any reference to a sale to any particular vendee ; and which work the vendor agrees with the vendee to have performed in order to deliver possession of completed structures.

Hall's contract with McCormick was not a contract for work, but for the purchase of property. The fact that the structures to be conveyed were not fully completed, and that the purchaser exacted an agreement from the seller that they should be finished by the time agreed for the delivery of the deed, did not alter the character of the contract as one of purchase and not one of work. The true construction of the Mechanics' Lien Act with respect to the contract with the owner intended by its provisions may be found in the language used by DENIO, J., with reference to a former Mechanics' Lien Act (L. 1830 c. 330), which act gave a lien for work done " towards the erection, construction or finishing of any building erected under a contract in writing between the owner and builder or other person. The learned judge says : ' " The object of the law was to enable a laborer, mechanic or sub-contractor to attach in effect in the hands of the person for whom the building was erected any debt which the latter might owe to the immediate contractor on his contract for the work. . . . . . It does not extend to money payable on any other account. It is quite reasonable that the party meritoriously entitled to be paid for the work should be allowed to intervene between the owner for whom the house was built and the person who contracted to build it, and to divert the course of the pay-

ments which would have passed into the hands of such contractor to his own. It is a form of equitable subrogation regulated by statute, but it is limited by the act to the plain case of money due upon a contract for performing the work."

The contract with the owner must be in some sense a contract of employment to do the work of erecting or completing the building; and the money payable by the owner must be money due and payable for such work in order to admit of a mechanics' lien by persons furnishing work or materials to the party doing the work. Nothing of the sort can be claimed here. The vendor, McCormick, was in no sense employed by the vendee and owner, Hall, but was completing the buildings for his own benefit in order to complete the sale he had made. The money payable to him when the deed was delivered, and of which $1,000 was held back until he had finished the buildings, was payable as part of the purchase price of the premises and not as payment for work.

It seems therefore that no lien attaches to the property as against defendant Hall, who was the owner when the plaintiffs' lien notice was filed.

It is claimed that as the vendor McCormick had an equitable lien on the property for the unpaid purchase money the plaintiffs' lien attaches to that. *Hackett* v. *Badeau* (63 N. Y. 476), is cited as authority for this proposition; but in that case the legal title was in the person who had the equitable lien and the mechanics' lien attached to the property so held by him to the extent of his equitable lien. I do not know of any authority for a mechanics' lien against the lien of a vendor for the purchase money when he has conveyed the whole title.

The judgment should be affirmed, with costs.

LARREMORE, J., concurred.

VAN HOESEN, J.—The plaintiffs may have an action

against Hall personally, but I doubt if they are entitled to a mechanics' lien.

Judgment affirmed, with costs.