Code Civil Proc. N. Y. § 1022, requires the court, on a trial of a whole issue of fact, to state separately the facts found and the conclusions of law. Section 1023 provides that the requests to find on which it is necessary for the court to pass may be either filed in court, or returned to the attorneys, with the rulings of the court thereon, but an omission so to do will not affect the validity of the finding. *Held,* that where a court has filed a decision containing certain facts found and certain conclusions of law, but the papers show that on the request of one of the parties he has found other facts not embraced in the decision, the case will be remanded, to have proper findings prepared.

Appeal from special term, New York county.

Charles T. Nobis sued W. J. Pollock and others to foreclose certain liens From a judgment in his favor defendants appeal.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Thompson, Ackley & Kaufman,* for W. J. Pollock and D. W. Haynes. *Vanderpoel, Green & Cuming,* for J. R. Shotwell.　*Roger Foster,* for L. A. Pollock.　*Chas. B. Meyer,* (*Alwin Goodwin, J. Edward Ackley,* and *Roger Foster,* of counsel,) for respondent.

VAN BRUNT, P. J.　Upon an examination of the case as presented it appears that there has been no compliance with the provisions of the Code, § 1022, requiring the court, upon a trial of the whole issue of fact, to state separately the facts found and the conclusions of law.　The learned court in this case has apparently filed a decision containing certain facts found, and certain conclusions of law.　But upon an investigation, in separate parts of the case, we find that he has found other facts apparently upon the request of one of the parties, and has not embraced them in his decision, which is filed. This is clearly not a compliance with the provisions of the Code, and renders it impossible for this court to review the judgment upon a record so imperfectly made up.　All the findings of fact on which the judgment is founded formed part and parcel of the judgment roll, and it will be seen by reference to section 1023 that the papers which are submitted to the court containing requests to find upon behalf of either party, and upon which the court is bound to rule, form no part of the judgment roll, because the court has a right either to file these papers, or to return them to his attorneys, his rulings having been entered thereon; and we have further significant provision that the omission to note these rulings thereon shall not affect the validity of the decision or report, making it apparent that these papers form no part of the judgment, and no part of the decision of the court.　Therefore the only purpose which they would serve is as the basis of an exception to a refusal to find.　The case must therefore be sent back in order to have the proper findings prepared.　All concur.

---

## MILLER *v.* MEAD. [1]

*(Supreme Court, General Term, First Department.　July 9, 1889.)*

MECHANIC'S LIEN—MATERIAL-MEN—ABANDONMENT BY CONTRACTOR.

Laws N. Y. 1885, c. 342, § 1, provides that one who furnishes material for building a house with the consent of the owner, or his agent, or any contractor or subcontractor, may have a lien upon such house, etc.　An owner made a contract for the completion of houses, he to advance a sum of money, and on the fulfillment of the contract to convey the premises to the contractor for a named consideration.　The contractor subsequently abandoned the contract.　*Held,* that one who furnished stone to the contractor was entitled to a lien.

Appeal from special term, New York county.

[1] Affirming 3 N. Y. Supp. 784.

Action by David Miller against Sarah F. Mead and others, to foreclose a mechanic's lien. The defendant, Sarah F. Mead, was the owner of certain premises, and by her agent, George W. Mead, entered into a contract with one Herman Gierke to erect certain buildings thereon as specified in said contract, Mead to advance money to the contractor, and sell him the houses, when finished, for a certain sum, which contract was afterwards assigned to one Grippentrog. The contract was made and executed by George W. Mead, acting as the agent of the owner, Sarah F. Mead. The contractor, Edward Grippentrog, entered upon the premises under his contract with George W. Mead. He employed under a written contract plaintiff, David Miller, to furnish and set certain stone for him, required in the erection of said houses. The owner never employed the plaintiff to do any work for her, nor to furnish any material. The contractor abandoned the contract. The plaintiff filed a lien against the premises. From a judgment in his favor defendant, S. F. Mead, appeals. Act 1885, § 1, provides that "any person * * * who shall hereafter perform any labor or service, or furnish any materials which have been used, or which are to be used, in erecting, altering, or repairing any house," etc., "with the consent of the owner, as hereinafter defined, or his agent, * * * shall * * * have a lien to the extent of the interest of the owner. * * * In case there is no contract, then the amount of the value of such labor or material then remaining unpaid."

Argued before Van Brunt, P. J., and Brady and Daniels, JJ.

*George W. Mead,* for appellant. *W. E. Stewart,* for respondent.

Per Curiam. We have examined with care the case at bar, and the case of *Hackett* v. *Badeau,* 63 N. Y. 476, and we have been unable to discover any distinction in principle between them. In the case cited, chapter 478 of the Laws of 1862 was under consideration, and we have been unable to discover any difference between that act and the act chapter 342 of the Laws of 1885, by virtue of which the plaintiff claims, so far as it relates to cases of agreements for sale coupled with an agreement to make a building loan. It is true that in the one case the word "permission" is used, and in the other "consent," referring to the owner, but this difference is in no respect material. In view of this adjudication, seeming to us to pass upon the precise question before us, it is needless for us to enter into a discussion relative to the construction of the act in question. The judgment appealed from must be affirmed, with costs.