PATRICK LARKIN et al., Respondents, *v.* MICHAEL McMULLIN et al., Appellants.

Where, at the time of the filing of a mechanic's lien, there is nothing due the contractor from the owner of the premises, and before any further sum becomes due under and by the terms of the contract, said contractor abandons it and refuses to go on with the work, and there is no provision in the contract for the completion of the work by the owner in case of failure to perform by the contractor, nothing remains unpaid within the meaning of the mechanic's lien law (§ 1, chap. 342, Laws of 1885), so as to make the notice of the lien effectual, to charge the premises with the claim of the lienors; and this, although it appears that the work necessary to complete the contract, remaining undone, would cost less than the balance unpaid of the contract-price for the entire work.

*Hackett* v. *Badeau* (63 N. Y. 476); *Rollin* v. *Cross* (45 id. 766); *Murphy* v. *Buckman* (66 id. 297); *Graf* v. *Cunningham* (109 id. 369); *Wright* v, *Roberts* (43 Hun, 413); *Van Clief* v. *Van Vechten* (48 id. 304), distinguished.

*Sheffield* v. *Loeffler* (20 N. Y. S. R. 890), questioned and distinguished.

(Argued March 18, 1890; decided April 15, 1890.)

APPEAL from order of the General Term of the Court of Common Pleas for the city and county of New York, made December 20, 1887, which reversed a judgment in favor of plaintiff entered upon the report of a referee and granted a new trial.

On May 1, 1886, the defendants McMullin and Kahn entered into an agreement, by which McMullin agreed to furnish the materials and perform certain work for Kahn on his house in the city of New York, to be completed June 8, 1886, for which the latter agreed to pay him $900 in four installments, three of them, $200, $250 and $250, at certain specified stages of the work, and the residue, $200, on its completion. McMullin entered upon performance and did work entitling him to the first and second installments, which were paid to him. He did not proceed with it so far as to entitle him to the third installment, but was paid on account of it $100. And in the latter part of July McMullin aban-

doned the work uncompleted. The plaintiffs and the defendant Schmohl, respectively, furnished to McMullin some materials for the work. The plaintiffs, on July 30, and Schmohl, on August 4, 1886, filed notices of liens for the amount due them for such materials. And this action was brought to foreclose the plaintiffs' lien, and the defendant Schmohl, by his answer, demands for himself like relief.

Further facts are stated in the opinion.

*Arthur Hurst* for appellant, Joseph Kahn. The subcontractors would be entitled to have a lien upon said premises for such amount only of the amount stipulated and agreed to be paid by the contract between Kahn and McMullin as was unpaid at the time of filing such liens, according to the terms of the contract. (Laws of 1885, chap. 342, § 1; *Hazen* v. *A. B. H. M. Society,* 6 N. Y. S. R. 212, 217; *Lombard* v. *S. B. & Y. R. R. Co.,* 55 N. Y. 491; *Muldoon* v. *Pitt,* 54 id. 269; *Meyers* v. *Bennett,* 7 Daly, 471; *Gibson* v. *Lenane,* 94 N. Y. 183; *Collins* v. *Colmey,* 14 N. Y. S. R. 445, 447; *Cooke* v. *O. F. F. Union,* 49 Hun, 23, 26; *Cheney* v. *Troy Hospital,* 65 N. Y. 282, 288; *Crane* v. *Genin,* 60 id. 127; *Rodbourne* v. *S. L. G. W. Co.,* 67 id. 215; *Glacius* v. *Black,* 50 id. 145; *Morgan* v. *Stevens,* 6 Abb. [N. C.] 356, 363; *Preusser* v. *Florence,* 4 id. 136; *Herbert* v. *Herbert,* 57 How. Pr. 333, 336; *Schneider* v. *Hobein,* 41 id. 232; *Luin* v. *O'Hara,* 2 E. D. Smith, 560, 567; *Haag* v. *Hillmeyer,* 15 Wkly. Dig. 323; *Smith* v. *Ferris,* 1 Daly, 18; *Henderson* v. *Sturges,* 1 id. 336; *Gillen* v. *Hubbard,* 2 Hilt. 303; *Crawford* v. *Becker,* 13 Hun, 375; *Murray* v. *Buckner,* 66 N. Y. 297; *Neville* v. *Frost,* 2 E. D. Smith, 62; *Cunningham* v. *Jones,* 3 id. 650; *Smith* v. *Brady,* 17 N. Y. 172.)

*Philip S. Wilson* for respondent. Under the act of 1885 (chap. 342), the sub-contractor has his lien, on complying with the act, for material and work furnished on a building with the consent of the owner. (*Husted* v. *Mather,* 77 N. Y. 388; *Ziegler* v. *Calvin,* 45 Hun, 44; *Otis* v. *Dodd,* 90 N. Y. 336; *Wright* v. *Roberts,* 43 Hun, 413; *Van Clief* v. *Van Vechten,*

48 id. 304; *Hackett* v. *Badeau*, 63 N. Y. 476; *Sheffield* v. *Loeffler*, 20 N. Y. S R. 150.) The referee defeated us on the ground of the abandonment of our contractor. The General Term directed a new trial on that ground. In stipulating and coming to this court, without taking a new trial, the appellant must stand or fall on that one question. (*Murray* v. *Beekman*, 66 N. Y. 297; *Crawford* v. *Becker*, 13 Hun, 375; *Gillen* v. *Hubbard*, 2 Hilt. 303.)

BRADLEY, J. The only question upon the trial was whether the notices of the liens were effectual to charge the premises with the claims of the lienors, and that was dependent upon the further question whether at the time they were filed, anything was due or remained unpaid for the work the defendant McMullin had performed under the contract with the defendant Kahn. The purpose of the statute known as that relating to mechanic's liens is to enable those doing work or furnishing materials to be used upon structures on real estate, to obtain security and payment through the means and in the cases provided by it; but in no case shall the owner of the premises be liable to pay by reason of liens filed pursuant to the act "a greater sum than the price stipulated and agreed to be paid in such contract and remaining unpaid at the time of filing such lien, or in case there is no contract, than the amount of the value of such labor and material then remaining unpaid." (Laws of 1885, chap. 342, § 1.) In the present case the work was done and materials furnished by McMullin in performance of a contract between him and the owner, Kahn, providing for certain compensation and designating the terms of payment regulated by the work performed in its stages to completion. The referee found that McMullin performed the work entitling him to the first and second payments, and received them in full; that although he received $100 on the third payment July 10, 1886, he failed to continue the work to entitle him to that or the fourth payment, but in the latter part of July he abandoned the work; that after such abandonment neither McMullin or anyone acting for him or in his behalf performed

the contract, and it has not been performed; and that the defendant Kahn performed all the terms of the contract on his part to be performed. It thus appears by the findings of the referee that nothing was due McMullin at the time the liens were filed. It is, however, urged that because there was evidence tending to prove that the completion of the contract would cost less than the amount unpaid to McMullin of the contract price for the entire work, the liens should be effectual to reach such difference. So far as the question is presented by exceptions to findings and to refusals to find of the referee, it may be considered, but no further, as questions of law only can have consideration on this review, since it does not appear by the order appealed from, that the judgment was reversed and a new trial granted on questions of fact. (Code, § 1338.) The amount of compensation and the right to it were regulated by the terms of the contract, and whether anything remained unpaid was dependent on its provisions. As found by the referee, McMullin received all he was entitled to under the agreement, and $100 more before either of the liens was filed. In that view nothing then remained unpaid. The right of the owner as well as that of McMullin rested in the contract between them, and whether anything was due to the latter was dependent upon its terms. And to enable a sub-contractor, laborer or person furnishing material to the contractor or sub-contractor to act advisedly, he is given the right on demand to the inspection of the contract under which the work is being done. (Laws of 1885, chap. 342, § 3.) Their rights for the purposes of a lien as against the owner, are mainly dependent upon those which the contractor takes by the contract, and whether anything is due upon it is governed by its provisions. As a general rule, therefore, it cannot be said that anything remains unpaid which the owner is not by the terms of contract and does not become liable to pay. While the rule, in all its force applicable as between the owner and contractor, may not be applied as between the former and a third party who asserts a lien for labor or materials, at least in so far as relates to the question of good faith of the contractor, the owner cannot be

required to perform any other than the contract he has made with the contractor. The mere fact that the completion of work abandoned by the contractor, when nothing is due to him, may cost something less than the amount unpaid of the contract price for the entire work, does not necessarily support the claim of a lienor. That rule is applied to determine the amount unpaid for the purposes of a lien and to give effect to it as to any difference in favor of the contractor, so produced, when by means of the contract the contractor has taken the equitable title, and such contract, by reason of his failure to perform it, is forfeited, or in any manner terminated by the owner of the legal title. In such case the latter or any party through him, takes the property, subject to the lien. (*Hackett* v. *Badeau*, 63 N. Y. 476; *Rollin* v. *Cross*, 45 id. 766.) The same rule is also applicable when the right is reserved to the owner by the terms of the contract to complete the work on failure of the contractor to do so. In such case the work of completion by the owner is performed pursuant to the contract. (*Murphy* v. *Buckman*, 66 N. Y. 297.) Also, where the contractor abandons the work by reason of default of the owner, who goes on and completes it. (*Graf* v. *Cunningham*, 109 N. Y. 369.)

And when the work is substantially performed by the contractor, the lien is effectual, subject to the right of the owner to recoup such damage as he may have sustained by the failure to entirely finish it. (*Heckmann* v. *Pinkney*, 81 N. Y. 211.)

As held in the case last cited, it is not essential that a liability to pay exists at the time of filing the notice of lien. It is sufficient that an amount has then been, under the contract, earned by the contractor which is unpaid.

In the case at bar there was no provision in the contract for the completion of the work by the owner in the event of failure by the contractor, nor was there any understanding between them that the owner should proceed with the work, but, on the contrary, the contractor abandoned it against the protest of the owner and refused to go on with it. Upon that state of facts, without anything further, it is difficult to see

that there was, at the time of filing the notice of lien, anything unpaid or to become due for the work done by McMullin under the contract. (*Lumbard* v. *B. & N. Y. R. R. Co.*, 55 N. Y. 491; *Crane* v. *Genin*, 60 id. 127.) But it is claimed that the right of a lienor is something more and beyond that of subrogation to the rights of the contractor, and that if it can be ascertained that, at the time the lien is filed, the latter had earned any amount which was unpaid, the lien is effectual to reach it, although the contractor has, before such filing, abandoned the work, and is not entitled to assert any claim against the owner; and to support that proposition are cited *Wright* v. *Roberts* (43 Hun, 413); *Van Clief* v. *Van Vechten* (48 id. 304); *Sheffield* v. *Loeffler* (20 N. Y. S. R. 890). Those cases go farther than any other to which our attention has been called, and the last one cited seems, as reported, to go so far as to determine that a lien filed by a sub-contractor after abandonment of the work by the contractor, may be supported by proof of the amount paid to the latter and the sum that the completion of the work would cost, and the difference between the amount of those two sums and the contract-price for the entire work, if the latter exceed that amount, is available to discharge the claim of the lienor as against the owner. It may be seen that this could properly be done if the sub-contractor offered to go on and complete the contract, or if there was some provision in the contract, or otherwise made, which, in some manner, might be construed to save the right of the sub-contractor, otherwise it is difficult to see how the doctrine of that case has any well-founded principle for its support. The facts of that case may not be fully disclosed in the report of it as there made.

The theory of that, as well as the others of those cases, evidently was that the contractor had earned an amount unpaid at the time of filing the lien, and that the proof of such difference was evidence upon the question of the amount so earned in excess of what had been paid. But in the present case there is no finding that the contractor McMullin had earned anything more than he received in payment upon

the contract, nor was there any request made to the referee to find any such fact. The referee was requested and refused to find that Kahn procured all remaining work to be done for $125.50, except certain other work specified, the value and cost of which was not more than $85. Also, that there remained in the hands of Kahn of said contract-price $155, and exceptions were taken to such refusals. The evidence is not decisive of those facts which the referee was so requested to find, although they were in accordance with the weight of evidence. If, therefore, those facts were deemed important upon the merits the exceptions raise no question of law, and, for the reason before given, the questions of fact are not the subject of review on this appeal. (*Bedlow* v. *N. Y. F. D. D. Co.*, 112 N. Y. 263; *R. L. R. Co.* v. *Roach*, 97 id. 378.)

But we do not hold that those facts, if found, would establish the proposition that anything earned by the contractor remained unpaid. While they might be some evidence of the proportion of the work done by him, they would not necessarily establish that fact as matter of law. And there is no exception that presents for consideration the question whether what, if anything, he had earned, measured by the work he did, in excess of the amount paid him would, to that extent, have supported the claims founded upon such liens.

The case of *Hackett* v. *Badeau* (*supra*) has no necessary application to that question in this case. There the contract was one to sell the premises upon which the work was done, and, as before suggested, the party employing the contractor had an equitable title, the termination of which did not defeat the existing lien.

And in the case of *Heckmann* v. *Pinkney* (*supra*) the contract was found by the referee to have been substantially performed by the contractor, and in other respects performance waived by the owner.

These views lead to the conclusion that the order should be reversed and the judgment entered on the referee's report affirmed.

All concur.

Order reversed and judgment affirmed.