GRANGER A. HOLLISTER et al., Respondents, *v.* PHILANDER MOTT, Appellant.

While in some cases the Court of Appeals may assume the existence of a fact in order to affirm a judgment, this cannot be done when the evidence in regard to it is conflicting and the trial court has not been requested to determine the fact either way.

By a building contract, the contractor agreed "to put in a sewer" to connect the houses to be erected with another sewer, and to make water connections. At the time of filing a mechanics' lien, there was nothing due under the contract, and all the payments called for by it had been made, except a sum due when the contract was completed. The contractor substantially performed the contract in other respects, but omitted to put in the sewer or to make the water connections, and the owner, after notice to the contractor, completed the work in these respects at an expense of $180. The whole contract price was $2,850. The owner had paid $2,020. There was no provision in the contract that the owner should complete the work in case the contractor failed to do so, or any understanding that the former should proceed with the work, or any failure on his part to perform his obligations under the contract. In an action to foreclose the lien the court adjudged plaintiff to be entitled to a lien for the difference between the balance unpaid on the contract and the sum expended by the owner to complete it. *Held*, error; that plaintiffs' right to recover depended upon the performance of the contract by the contractor; and that there was not a substantial performance by him.

(Argued January 28, 1892; decided February 12, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made July 15, 1890, which affirmed a judgment in favor of plaintiffs entered upon the report of a referee.

The nature of the action and the material facts are stated in the opinion.

*M. M. Waters* for appellant. To entitle plaintiffs to a lien, the onus is upon them to prove a debt from the contractor for the identical materials used to build the owner's houses. (4 R. S. [8th ed.] 2693.) As the contract is entire the money did not become due or remain unpaid, according to the written contract, because the condition precedent was never performed.

(*Smith* v. *Brady*, 17 N. Y. 173.) Parties to building con-
tracts should be exact in the fulfillment of their agreements
in the smallest particulars, and if they willfully or carelessly
depart from any of them they should incur the penalty, how-
ever severe it may be. (*Smith* v. *Gurgety*, 4 Barb. 614;
*Nolan* v. *Whitney*, 88 N. Y. 648; *Smith* v. *Brady*, 17 id.
173; *Pullman* v. *Corning*, 9 id. 93; *Phillips* v. *Gallant*, 62
id. 256, 264.)

*J. E. Durand* for respondents. The contractor, Huls, fully
performed his contract, except in certain minor particulars,
for which full compensation was allowed by the referee, and
the doctrine of substantial performance applies to the case.
(*Woodward* v. *Fuller*, 80 N. Y. 312; *Phillips* v. *Gallant*,
62 id. 256; *Glacius* v. *Black*, 50 id. 145; *Nolan* v. *Whitney*,
88 id. 648; *Johnson* v. *DePeyster*, 50 id. 666.) The evi-
dence conclusively shows that the contractor was indebted to
plaintiffs for material furnished and used in these houses in
the sum of $800 at the time of filing the mechanics' lien.
(*Sheppard* v. *Steele*, 42 N. Y. 52.) The gross inequity of
defendant's claim in this case should prevent a reversal, unless
established by clear and decisive evidence. (*Wright* v. *Rob-
erts*, 43 Hun, 413; *Larkin* v. *McMullin*, 12 N. Y. S. R. 123;
*Graff* v. *Cunningham*, 109 N. Y. 369; *Van Clief* v. *Van
Vechten*, 48 Hun, 304; *Miller* v. *Mead*, 3 N. Y. Supp. 784;
6 id. 273.)

BROWN, J. This action was brought to foreclose a mechan-
ics' lien. April 22, 1887, the appellant entered into a contract
with John H. Huls, by which Huls agreed to erect for him
three dwelling-houses on land on the north side of Clifford
street in the city of Rochester, according to plans and specifi-
cations set forth in the contract. Among other things, Huls
was "to put in a sewer" and was to connect the houses "with
the sewer said Mott had built on the south side of Clifford
street last season, of the same size of sewer as used by said
Mott last season, so as to drain all the cellars of said houses,

with all the laterals for said sewers for each house. Also to put in the water-works for all of said houses."

The houses were to be completed by August, 1887, and when fully enclosed appellant was to pay Huls four hundred and fifty dollars on each house and when all the houses were built and completed according to the terms and conditions of the contract he was to pay "money enough to be equivalent to nine hundred and ninety dollars for each house."

The respondent's lien was filed October 10, 1887, and prior to that date they had furnished to said Huls lumber used in the construction of said houses of the value of more than eight hundred dollars and prior to that date payments had been made to Huls by the appellant on account of the houses amounting to $2,020.

It appeared that after the work was commenced it was discovered that the sewer referred to in the contract as the one with which the sewer to be built by Huls was to connect was not deep enough to drain the cellars of the houses and thereupon with Huls' consent the appellant contracted with one Tripp to deepen said sewer and carry it over the course specified in the contract with Huls, so as to drain the appellant's houses, and also for the right to connect the water for said houses with water pipes to be laid by Tripp to premises adjacent to the appellant's property, and the putting in of the drain from the houses to said sewer and the water connection was by consent delayed until Tripp should complete the work undertaken by him. After Tripp's work was completed Mott notified Huls to go on and complete his contract and thereupon a disagreement arose between the parties in reference to extra expense which Huls claimed he would be put to in doing the work by reason of the deepening of the street sewer.

The evidence as to what occurred is conflicting, but the referee made no finding thereon further than "that after the completion of said houses in other respects said Huls neglected to put in the lateral sewers to said main sewer and to put in the water connections for said houses, and said Mott, after notice to said Huls, completed the same in these respects at an

expense to himself of one hundred and eighty dollars which the same was worth," and he further found that Huls fully performed the contract on his part except in the particular stated and one or two other minor and unimportant matters, and that said houses were fully completed December 6, 1887, and he awarded the plaintiffs a lien upon the difference between the contract price and the amount expended by Mott to complete the work specified in the contract.

There was no provision in the contract for the completion of the work by the owner in the event of the failure of the contractor, nor was there any understanding between them that the owner should proceed with the work, nor was there any failure on the part of the appellant to perform his obligations under the contract, and in view of the finding quoted that Huls neglected to put in the lateral sewers and the water connection, there was an abandonment of the contract on his part, and the case cannot be distinguished from *Larkin* v. *McMullin* (120 N. Y. 206).

There was nothing due under the contract when the lien was filed, and it could attach only to the payments that should be earned under the contract subsequent to October tenth, and plaintiff's right to recover depended, therefore, upon the performance of the contract by Huls.

Neither can it be said that the contract was substantially performed so as to bring it within the rule applied by the referee. (*Van Clief* v. *Van Vetchen*, 130 N. Y. 571.)

The respondent seeks to sustain the judgment on the ground that the contractor was justified in refusing to complete the work until the amount of the extra expense that he would have been put to from the deepening of the sewer was agreed upon. The referee, however, made no finding on that question, and was not requested to make any, and there was no determination as to what that extra expense, if any, would have been, nor whether bad faith was attributable to either party in the disagreement existing as to the amount to be allowed for that work. The evidence upon the subject was conflicting.

While in some cases this court may assume the existence of a fact in order to affirm a judgment, we are not permitted to do so where the evidence is conflicting, and the trial court has not been requested to determine the fact either way. It follows that there was nothing due to the contractor upon which plaintiff's lien could attach, and upon the authority of *Larkin* v. *McMullen* and *Van Clief* v. *Van Vetchen (supra)*, the judgment should be reversed and a new trial granted.

All concur.

Judgment reversed.