MASONS' SUPPLIES CO. v. JONES et al.

(Supreme Court, Appellate Division, First Department. February 25, 1901.)

1. MECHANICS' LIENS—SUBCONTRACTOR—JURY TRIAL.

Where a court found that defendant, in an action by a material man to foreclose a lien, owed the contractor more than the amount of the material man's claim, and rendered judgment ordering the referee to pay the contractor the amount due him out of the proceeds of the sale of the property, such judgment should be reversed in absence of any established lien by the contractor; since the owner of the property was entitled to a trial by jury in any action in which it was sought to establish the contractor's claim against him.

2. SAME—PLEADING—CO-DEFENDANT—RELIEF—DEMAND.

Under Code Civ. Proc. § 521, providing that, where one defendant seeks affirmative relief against another, he must demand it in his answer, a contractor, made defendant in a suit by a material man to foreclose a lien, whose answer merely asked the court to establish the priorities between the material man and other possible lienors, and prayed such further judgment as might be necessary to protect his rights in the premises, was not entitled to judgment against the owner of the property.

3. SAME—SERVICE.

Under Code Civ. Proc. § 521, declaring that, where one defendant seeks affirmative relief against another, he must serve a copy of his answer demanding it on the attorney of such other defendant at least 20 days before the trial, a contractor, made defendant in a suit by a material man to foreclose a lien, whose answer was not served on the attorney of the owner of the property, could not recover against him.

4. SAME—WAIVER.

Where the property owner in a suit by a material man to foreclose a lien sat by and allowed evidence to be introduced as to the amount owed by him to the contractor under whom the plaintiff claimed, he did not thereby waive his right to demand that the contractor's answer to such material man's suit be served on him 20 days before trial as a prerequisite to a recovery by such contractor against him in such suit.

Appeal from special term, New York county.

Action by the Masons' Supplies Company against Roland D. Jones and Henry L. Fridenberg, assignee of the Manhattan Concrete Company. From a judgment in favor of plaintiff and Fridenberg, defendant Jones appeals. Judgment modified by striking out affirmative relief to Fridenberg, and, as modified, affirmed.

Argued before HATCH, RUMSEY, PATTERSON, and INGRAHAM, JJ.

J. Alexander Koones, for appellant.

George B. Dunn, for respondent Masons' Supplies Company.

A. A. Michell, for respondent Henry L. Fridenberg, assignee.

INGRAHAM, J. The action was brought to foreclose a mechanic's lien, and was tried at special term. The trial judge filed a short decision under section 1022 of the Code of Civil Procedure, which did not state separately the facts found. The appellant filed a general exception to such decision, and under this section of the Code this court is required to review all questions of fact and law; and the whole case, therefore, is before us for review. The complaint alleges that the defendant Jones was the owner of the property described in the complaint, and that he entered into a contract with

the defendant the Manhattan Concrete Company, who agreed to erect the partitions and do the necessary cementing and plastering connected therewith for a building then in course of erection upon the said premises, and that thereafter the plaintiff, at the request of the said Manhattan Concrete Company, furnished to such company certain building materials at an agreed price of $3,614.96, of which the sum of $1,114.96 was paid, leaving due to the plaintiff the sum of $2,500; that the Manhattan Concrete Company performed the contract on its part, and that at the time of the filing of the lien there was due and owing to the concrete company a sum in excess of the plaintiff's claim; and that the Manhattan Concrete Company made a general assignment for the benefit of its creditors to the defendant Fridenberg. The defendant Jones answered this complaint; denied that there was due to the plaintiff from the concrete company the sum of $2,500, and that all the materials furnished by the plaintiff were actually used in the erection and construction of the building, but admits that certain materials of a less value than alleged were furnished to the plaintiff with the knowledge and consent of the defendant, and were used in the erection of the said building; denies that the Manhattan Concrete Company performed its contract, or that there was due an amount sufficient to cover the claim of the plaintiff from Jones; and for a separate defense alleges that the plaintiff was paid for all materials furnished by it and used in the erection and construction of the defendant's buildings, except materials of the value of $268.49; that there was due to the plaintiff only that sum; and that there was nothing due from the defendant Jones to the Manhattan Concrete Company under the said contract. The defendant Fridenberg, as assignee, answering the complaint, alleges that at the time of the assignment of the Manhattan Concrete Company to him there was due to the said company from the defendant Jones the sum of $3,070 for work done by the concrete company, and demands judgment that the court adjust and determine the equities of all the parties in this action, and the order of priority between the plaintiff and any other persons claiming to be lienors, and for such further judgment, decree, or order as may be necessary to protect his rights. The court found that it had been established that there was due to the plaintiff from the Manhattan Concrete Company the sum of $2,499.50; and that there was due from Jones to the Manhattan Concrete Company the sum of $3,070.61, and that the plaintiff was entitled to judgment establishing its liens and for the recovery of $2,499.50 and interest, and that the defendant Fridenberg, as assignee of the company, was entitled to judgment against Jones for the balance due the Manhattan Company after deducting the amount due the plaintiff; and ordered a sale of the premises described in the complaint under the direction of a referee, and that the said referee from the proceeds of such sale pay to the plaintiff the amount of the plaintiff's lien, and further pay to the defendant Fridenberg, as assignee as aforesaid, the amount due to the Manhattan Company under the contract; and from this judgment the defendant Jones appeals.

It is difficult to see by what authority the court rendered any

judgment in this case in favor of the defendant Fridenberg, the assignee of the Manhattan Concrete Company, the contractor for this building. There is no claim that either this company or Fridenberg had filed any notice of lien, or had in any other way acquired the right to share in the proceeds of the sale of the premises, but the judgment directed the payment to Fridenberg, as assignee of the contractor, of the surplus which might be left after the application of the proceeds of the sale to the satisfaction of the plaintiff's lien. There was a dispute between the builder and the contractor as to the amount due to the latter for his work. In the absence of any lien, the owner was entitled to a trial by jury in any action brought to establish the claim of the contractor against him, but no opportunity for such a trial was ever afforded to him. Even if such a right did not exist, and Fridenberg might have been able, without establishing his claim against the owner in an action at law, to obtain a portion of the surplus upon some principle which is unexplained, and which is not stated, yet certainly, in order to do this, he must comply with the procedure which is established by the Code of Civil Procedure where one defendant seeks affirmative relief against another. In such a case the law requires that the defendant who desires the determination of a right asserted by him against another defendant, must demand it in his answer, and must, at least 20 days before the trial, serve a copy of his answer upon the attorney for each of the defendants to be affected by the determination. Code Civ. Proc. § .521. The answer of Fridenberg demands no determination as against the owner of any right that he claims upon this contract. He alleges that there was due to him upon the contract the sum of $3,070.61, and he asks that the court adjust the equities of the parties to the action in such fund of $3,070.61, and the order of priority between the plaintiff and the other persons claiming to be lienors, and that he may have such further judgment as may be necessary to protect his rights in the premises. When it is considered that, so far as the recovery of this sum from the plaintiff is concerned, he had no right whatever in this action, it can hardly be said that his demand asks for any determination between the defendant Jones and himself. But, if it did, he has not complied with the Code by serving a copy of his answer upon the defendant Jones, and therefore, unless in some way his default in that regard has been excused, he has no right to an affirmative judgment against him. But it is suggested that Jones waived his right to insist that the answer of Fridenberg had not been served upon him by voluntarily proceeding with the trial of the action and litigating the question what, if anything, was due from the contractor to him. It is said that this waiver consisted in his sitting by and without objection permitting evidence to be admitted on the trial as to the amount due from him to the contractor. No work was done by the contractor after October, 1898. The notice of the lien of the material man was not filed until November 30, 1898. All that he could claim in this action was what was due and unpaid to the contractor at the time when the notice of the lien was filed (Heckmann v. Pinkney, 81 N. Y. 211; Larkin v. McMullin, 120 N. Y. 206,

24 N. E. 447), and to enable the plaintiff to recover it was necessary for him to establish that a certain sum of money was due to the contractor at that time. Jones, by his answer, denied that anything was due, so that between him and the material man the question of the amount due to the contractor, assignor of Fridenberg, was a material question, and one absolutely necessary to be determined to establish the plaintiff's rights. If Jones had objected to the evidence on that subject, his objection would necessarily have been overruled. A waiver is an intentional abandonment of a known right. It cannot be said that Jones, who was litigating with the plaintiff a question material to the issue between them, consented that another issue between himself and Fridenberg, not necessary to the decision of the case, and of which he had no notice, should be determined and decided in this action.

As to the judgment in favor of the plaintiff establishing and enforcing its lien against the premises, we have come to the conclusion that it should be affirmed. The question of fact as to whether the concrete company had performed its contract was sharply litigated upon the trial, and upon conflicting evidence the court found that the contract was substantially performed, and that an amount was due to the concrete company, which was unpaid, in excess of the amount due to the plaintiff, and that the plaintiff had furnished materials for the completion of such contract to the amount specified. We think there was evidence to sustain these findings, and that upon the facts as thus found the plaintiff was entitled to the judgment awarded to it.

The notice of lien was clearly sufficient under the statute. It complied with section 9 of the lien law (chapter 418, Laws 1897). There was no error in rulings upon questions of evidence to which our attention has been called, and upon the whole case we think the judgment in favor of the plaintiff should be affirmed. The judgment appealed from is, therefore, modified by striking out the provision therein directing the payment to the defendant Fridenberg, and, as modified, affirmed, with costs to the appellant against the defendant Fridenberg as assignee, and with costs to the plaintiff against the appellant, Jones. All concur.