MAGDALENA A. TICE vs. MILTON E. MOORE ET ALS.

Third Judicial District, Bridgeport, April Term, 1909.

BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

Mechanics-lien statutes are of two classes: under one, subcontractors and materialmen are simply subrogated to the rights of the original contractor; under the other, they have an independent right of lien which is not defeated by the default of the principal contractor. The Connecticut statute belongs to the former class, and therefore if the contractor has abandoned the work and there is nothing due him, as in the present case, the subcontractors and materialmen have no right of lien.

A mortgage to secure money loaned which is payable in instalments as the building progresses, stands as valid security for the amount of a payment made in good faith to the contractor upon the order of the mortgagor, if the mortgagee had no knowledge that subcontractors were furnishing labor and materials.

Where the mortgagee makes a deduction from the amount of the payment to cover commissions with the knowledge and consent of the mortgagor, the amount of such deduction is to be regarded as in effect paid to the mortgagor and the mortgage stands as security for it.

The mortgage will not stand, however, for a further payment made to the builder before the money was due and without the knowledge or assent of the mortgagor.

A note given as part payment for a building to be constructed, is, on the abandonment of the work with nothing due to the contractor, an instrument without consideration, and a mortgage securing it is not enforcible in the hands of the original mortgagee or a purchaser with notice.

Argued April 16th—decided June 10th, 1909.

SUIT to determine the validity and amount of claims held by the respondents, either as mortgagees or as mechanics and materialmen holding liens against land of the plaintiff on which was a partially-constructed dwelling-house, and to adjust and settle the equities of the respective defendants in and to any sum which might be found to be due therefor, brought to and tried by the Superior Court in New Haven County, *Ralph Wheeler, J.;* facts found and judgment ren-

dered upholding the claims of mechanics and material-men, from which the plaintiff and two mortgagees appealed. *Error and cause remanded.*

The plaintiff, on June 5th, 1907, entered into a written contract with Moore to build a house upon a lot then owned by her in New Haven. At the time the contract was signed she gave him two notes, together amounting to $3,945, the contract price for the house. One of the notes was for $3,400, the other for $545, each payable on demand to his order, the larger note being at five per cent. interest and the smaller at six per cent., and each secured by a mortgage on the lot, that securing the larger note being the second mortgage. The contract recited that these two mortgages were given in consideration of the house being built by Moore and to compensate him therefor. The contract was the only consideration for the notes. Moore then contracted with different parties for the mason, carpenter and plumbing work upon the house, and for the lumber required in its construction. These parties began to furnish labor and materials in constructing the building, and are parties to this action as claimants for mechanics' liens. After this work was begun and before August 9th, 1907, the W. T. Fields Company, at the request of Moore, agreed with him to make a loan of $3,000 at six per cent. to be secured by a first mortgage upon the plaintiff's property when the building should be completed, the money to be advanced as the work progressed, $1,000 when the house was roofed in, $1,000 when it was plastered, and $1,000 when it was fully completed. Moore caused to be prepared a note for $3,000 at six per cent. payable to the W. T. Fields Company, and a mortgage upon the plaintiff's lot to secure the same; another note to his own order on demand for $945 at five per cent., with a second mortgage on the plaintiff's lot to secure it; and releases of the mortgages which had been given him to secure the first two notes. He then informed the plaintiff that the

original papers were wrong and would have to be changed, and that he had to have six per cent. On August 14th, 1907, she, at his request, went to the offices of the conveyancers whom he had employed to prepare the papers, and there executed the new notes and mortgages, and Moore, and the defendant Hall who had become the owner of the $545 note, executed the releases of the former mortgages; and the conveyancers, on August 14th, caused the papers to be recorded in the proper order. The house was at this time roofed in and the first payment from the W. T. Fields Company was due, and they paid $940 to the conveyancers, retaining, with the knowledge and consent of the plaintiff, $60 as commission. The conveyancers, by order of Moore, paid Hall the amount due upon the note for $545, paid $18 for insurance and $18.10 for the expense of the preparation and recording of the conveyances, and the balance to Moore. The plaintiff had knowledge of these payments, and at the time was informed that the Fields Company would pay $1,000 more when the house was plastered, and another $1,000 when the house was completed, and assented to the arrangement. The Fields Company, on August 23d, without the knowledge of the plaintiff, paid Moore $100. She understood and believed that she would not become liable on the note for $945 unless and until the house was completed, and Moore knew this.

At the time of this transaction the parties all knew that material and labor was being furnished in the construction of the house, but none except Moore knew by whom. On August 31st Moore transferred, for a valuable consideration, the note for $945, and assigned the mortgage securing the same to the defendant Hall. The court found that Hall took the mortgage knowing that the house was not completed and that the plaintiff had received no consideration for the note except the contract with Moore, and knew of the equities existing between Moore and the other parties, and was not an innocent purchaser for value.

Tice *v.* Moore.

On or about September 19th, 1907, Moore abandoned his contract, left town, and has not been heard from since. At or about the same time the subcontractors abandoned the work, gave notice of their liens and filed liens on the plaintiff's property. Moore's failure to complete his contract was not due to the fault of the plaintiff. There is nothing due to him from her.

The amount which would have been required to complete the house at the time of its abandonment would not have been less than $2,200. The cost and value of the work and materials which have gone into it is $1,854.65.

All the defendants filed answers claiming liens, the W. T. Fields Company and Hall by virtue of mortgages, and the subcontractors for their work and materials as mechanics and materialmen, and asked for the foreclosure of the same.

The court held that the subcontractors had liens to the full amount of the labor and materials furnished by them in the construction of the building to the time when they abandoned it, and that their liens had priority over the mortgage of the W. T. Fields Company; that there was due to the W. T. Fields Company upon their mortgage $1,000 only, and that nothing was due to the defendant Hall upon the mortgage for $945.

*Ward Church* and *Charles F. Clarke,* for the appellant (plaintiff).

*Talcott H. Russell,* with whom was *George S. McLaren,* for the appellant (defendant the W. T. Fields Company).

*George E. Hall,* with whom were *Ernest L. Isbell* and *John R. Booth,* for the appellant (defendant Hall).

*Charles S. Hamilton, J. Birney Tuttle,* and *Charles A. Capen,* with whom was *Rocco Ierardi,* for the appellees (defendant lienors and materialmen).

THAYER, J. The principal questions in this case are whether the subcontractors, who claim liens upon the plaintiff's real estate for labor and materials furnished under contracts with the original contractor in the construction of her building, are entitled to such liens, and if so, whether those liens have priority over the mortgage of the defendant the W. T. Fields Company. The Superior Court held that they are entitled to such liens and that the liens have priority over the mortgage.

Statutes allowing liens in such cases are of two classes. In one, the lien is allowed upon the ground that the subcontractor is equitably entitled to a lien which would otherwise attach in favor of the original contractor; in the other, upon the ground that the labor or materials furnished have so enhanced the value of the real estate that it would be inequitable to allow the owner to be enriched at the expense of the subcontractor. *Waterbury Lumber & Coal Co.* v. *Coogan*, 73 Conn. 519, 521, 48 Atl. 204. Under statutes of the latter class the subcontractor has an independent right of lien and is not simply subrogated to the rights of the contractor. Under such statutes it is held that the subcontractor's right of lien cannot be defeated by the default, misconduct, or even the fraud of the original contractor. *Berger* v. *Turnblad*, 98 Minn. 163, 167, 107 N. W. 543. Under statutes of the former class the subcontractor is simply subrogated to the rights of the original contractor. If, had he paid the subcontractor, the original contractor would not under the statute be entitled to file a lien for the amount so paid, the latter is entitled to no lien. So under such statutes, where a contractor, without fault on the owner's part, has abandoned his contract before its substantial completion, so that nothing is due him under his contract, the subcontractors have no lien for labor or materials furnished by them; and this is so although the expense of completing the improvement according to the contract would be less

than the balance of the contract price for the entire work remaining unpaid. *Larkin* v. *McMullin,* 120 N. Y. 206, 209, 24 N. E. 447; *Hollister* v. *Mott,* 132 N. Y. 18, 21, 29 N. E. 1103. Our statute is of this class. *Waterbury Lumber & Coal Co.* v. *Coogan,* 73 Conn. 519, 48 Atl. 204. In the present case, Moore, the original contractor, abandoned his contract wrongfully and without fault on the part of the plaintiff, and left her building incomplete, requiring an expenditure of at least $2,200 to complete it. The court has found that nothing is due him. Under these circumstances he could be entitled to no lien under the statute upon the plaintiff's property, and it follows that the subcontractors are not entitled to any. The plaintiff has, apparently, been enriched by labor and materials which they furnished; but they did not furnish them to her. To her they came into no contractual relations on which to found an equity for a reimbursement due to them from Moore.

The payment of $1,000 to Moore before he abandoned the contract, was made in good faith, when it was due, and before the plaintiff had knowledge that these subcontractors were furnishing labor and materials for the work. No claim is or can be made that under such circumstances the subcontractors can claim liens to the amount of that payment by reason of § 4138 of the General Statutes, which treats payments not made in good faith, or made before due without giving notice of the intended payment to subcontractors known to be furnishing materials and labor, as void against such subcontractors.

The subcontractors' liens being void, there is no question of priority between them and the Fields Company mortgage.

The court found due to the W. T. Fields Company, upon its mortgage note, $1,000 and interest, thus allowing the commission of $60 and the amounts paid for insurance and expenses of the conveyancers, which the plaintiff claims should not have been allowed, and disallowing the

$100 paid by the W. T. Fields Company to Moore on August 23d, which it claims should have been allowed.

The plaintiff's claim as to the commission and payments for insurance and expenses is answered by the finding, which is that the commission was retained with her knowledge and consent, and that she gave an order for the payment of $940, the balance of the $1,000 payment, and knew at the time that the insurance and expenses were to be paid out of it. All of these items were chargeable by her to Moore as a part of the first payment, and were understood manifestly by all parties to be such. These items were properly treated as a part of the first payment on the mortgage note.

It was the understanding of all the parties that after the first payment by the W. T. Fields Company no further payments should be made to Moore by it until the house should be plastered. Having made the payment of $100 to him before it was due, and without the knowledge or assent of the plaintiff, it was properly disallowed as a part of the mortgage debt.

The defendant Hall holds the note for $945 and the second mortgage given to secure it. The court has found that he is not an innocent purchaser for value and that he took them subject to the equities affecting Moore. Moore knew that unless he fulfilled his contract and completed the house there was no consideration for the note. He knew that the plaintiff so understood and believed, and that she understood that she would not be liable to pay the note unless and until the house was completed. He could not in good conscience call upon the plaintiff to pay the note unless he completed the house. Hall, if the court's finding is to stand, is in the same position that Moore would be if he continued to hold the note. The house being unfinished and the contract abandoned, the note is without consideration and void in his hands. It does not appear that any money of his went to the plaintiff's benefit in respect to

her house. She has not, therefore, been enriched at his expense, and he has no equity against her by reason of having added to the value of her property.

He excepts to and assigns as error the court's refusal to make certain changes in and additions to the finding, as requested by him. We cannot say, from the evidence which has been certified in support of the exceptions, that the court erred in refusing to make any of the changes or additions which, if made, would be material to his claim.

His demurrer to the complaint was properly overruled. It was based upon a wrong conception of the cause of action stated. The complaint is not a model pleading, but its purpose clearly was to bring the parties all into court, have them state their claims upon the plaintiff's property, interplead as to their priority of lien, and have the court determine what liens existed upon the property, what liens had priority, and decree their cancellation upon payment of the amount due. The demurrer treats it, so far as it regards Hall, simply as an action for the cancellation of the $945 note and mortgage, upon the ground that they were given through mistake or fraud. The suit might result in determining that he had no lien, or it might result in a judgment that he cancel the note and mortgage upon the plaintiff's redeeming them. His demurrer was not adapted to this latter aspect of the complaint.

The fact that the plaintiff's husband signed the note and mortgage, is no reason why her property should not be discharged and the note and mortgage given up when paid, or if void. That fact, which appeared in the complaint, therefore, afforded no ground for demurrer.

There is error in the judgment of the Superior Court, and it is set aside and the cause is remanded for the entry of a judgment in conformity with the views above expressed.

In this opinion the other judges concurred.