JOHN P. ENNIS *vs.* L. MAY PARKHURST ET AL.

First Judicial District, Hartford, October Term, 1913.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

While the owner of an unfinished building which has been abandoned by the general contractor may treat the contract as at an end, and thus defeat any claim of lien either by the general contractor or by subcontractors, he is not bound to do so, but when permitted by the contract may elect, as in the present case, to complete the building and deduct the cost thereof from the stipulated price; and in that event the subcontractors are subrogated to the rights of the general contractor and are entitled to share in any balance that may be found to be due to him, under the contract, from the owner upon the completion of the building; and inasmuch as this right to waive a full performance of the contract is one which is vested in the owner alone, no subcontractor with a lien can defeat the lien of another who has only partially performed his obligation, upon the ground that the default of the latter was voluntary or wilful. He cannot take the benefit of the fund created by the owner's waiver and at the same time reject the legal consequences flowing from it.

Argued October 7th, 1913—decided January 23d, 1914.

ACTION by one of several subcontractors to foreclose a mechanic's lien, brought to and tried by the City Court of Hartford, *Bullard, J.;* facts found and judgment rendered for the plaintiff, and appeal by Michael J.

Bracken, trustee of one Kremendahl, one of the defendants, whose claim of lien was disallowed. *Error and cause remanded.*

The defendant Parkhurst contracted with one Rabbitt, as general contractor, for the building of a dwelling-house, and the latter in turn sublet all except the carpenter work to subcontractors. Rabbitt filed a petition in bankruptcy before the house was completed, and abandoned his contract. All of the subcontractors filed notice of intention to claim liens, and all of them completed their contracts except the defendant Kremendahl, whose subcontract covered the plumbing and heating.

As to his contract, it is found that by reason of the bankruptcy of the principal contractor, who was indebted to him on other contracts also, Kremendahl was financially crippled so that he was unable to fully complete the furnishing of material under his contract, but that he could have performed work and labor toward its completion, and that he intentionally failed and wilfully refused to do so.

The general contract provided that if Rabbitt failed to complete the work the owner might do so and charge the cost of completion against the contract price. She elected to so complete the work, and expended $215.67 in completing the carpenter work left unfinished by Rabbitt, and $59 in completing the plumbing work left unfinished by Kremendahl. After charging these amounts against the contract price, there is a balance of $2,367.08 due from the owner to the trustee in bankruptcy of the general contractor, according to the terms of the contract.

*Kendall M. Pierce,* for the appellant (one of the defendants).

*Stewart N. Dunning,* for the appellee (plaintiff).

BEACH, J. Neither the defendant Parkhurst, who is the owner of the premises, nor the defendant McCook, who is the trustee of the bankrupt estate of the general contractor, disputes the validity of the Kremendahl lien. But the trial court, at the instance of the plaintiff and other subcontractors, has excluded the Kremendahl claim from participation in the balance due from the owner to the general contractor, on the specific ground that Kremendahl's lien was invalidated by his wilful and intentional failure and refusal to fully complete the work called for by his contract.

The question is whether the other lienors can avail themselves of that defense under the circumstances of this case. The finding is that the unperformed part of Kremendahl's subcontract, though material, was a comparatively small part thereof; and we assume, for the purposes of this opinion, that this is equivalent to an affirmative finding that Kremendahl abandoned further work under his subcontract before its substantial completion. Independently of Kremendahl's failure to complete his subcontract, it is also apparent from the record that the general contractor, Rabbitt, abandoned the work before its substantial completion. The judgment-file finds the allegations of the complaint to be true, including an allegation in the amendment filed December 12th, 1912, that said Rabbitt only partially performed his contract, and finds untrue an allegation of the answer, that the building was substantially completed at the time of Rabbitt's default.

Upon Rabbitt's default, leaving the house thus substantially unfinished, the owner, Parkhurst, might, if she had so elected, have treated the contract as at an end, and refused to allow Kremendahl to complete his subcontract, and might have finished the work or not, according to her own pleasure, and in her own way. In that event the defaulting contractor would have had

no lien on the premises, and under our law neither Kremendahl nor any other subcontractor could have had a valid lien. *Larkin* v. *McMullin*, 120 N. Y. 206, 24 N. E. 447; *Hollister* v. *Mott*, 132 N. Y. 18, 29 N. E. 1103; *Tice* v. *Moore*, 82 Conn. 244, 248, 73 Atl. 133; *Maeder* v. *Wexler*, 43 Misc. Rep. (N. Y.) 16, 87 N. Y. Supp. 400. Fortunately for the subcontractors, the contract expressly provided for the contingency of the contractor's failure to complete the work, whether wilful or not, and in that event it authorized, though it did not require, the owner, upon giving due notice, to complete the contract herself at her own expense, and to deduct the cost of such completion from the contract price. It is found that the owner acted under this provision of the contract, and that, after deducting the cost of completing the work from the contract price, there is a balance of $2,367.08 due from the owner to the trustee in bankruptcy of the estate of Rabbitt under the contract. It is also found, in the language of the amendment to the complaint whose allegations are specially found to be true in the judgment-file, that "said contract was only partially performed by said Rabbitt, but the defendant Parkhurst has waived a full performance and has completed said contract herself."

The Kremendahl lien being valid as against the owner, because of her election to waive full performance and complete the contract according to its terms, the remaining question is whether the other subcontractors can exclude the Kremendahl lien from participation in the balance of the contract price by setting up a defense of wilful breach of contract, which the owner has seen fit to waive. We think not. The right to accept the work, so far as it was finished, as a part performance of the contract, and to complete it according to the contract at the cost of the general contractor, is a right which is vested by the contract in the owner

alone.   Her power to exercise that right was absolute, and we do not see how any of the subcontractors, whose contracts were necessarily subject to this provision, can object to the consequences of her waiver as regards Kremendahl.   Still less can they reject the waiver as to Kremendahl's subcontract and at the same time claim the benefit of it as to Rabbitt's contract, which includes the whole work.

The fund now available for distribution was created by the owner's election to accept the unfinished work of Kremendahl and Rabbitt as a part performance of the contract; and it would be inequitable to permit the other lien-holders to take the benefit of the fund and at the same time reject the legal consequences of the election which created it.

The defendant Bracken, as trustee of the bankrupt estate of the defendant Kremendahl, is the owner of a valid mechanic's lien on the premises described in the complaint for $195.18, being the amount of the Kremendahl contract less $59 expended by the owner in completing the work left unfinished by Kremendahl.

There is error, the judgment is set aside, and the cause remanded for further proceedings according to law.

In this opinion the other judges concurred.