PASSAIC-BERGEN LUMBER COMPANY, APPELLANT, v. MARINUS L. PETERSON, RESPONDENT.

Submited May 17, 1929—Decided August 28, 1929.

Before Justices Parker, Black and Bodine.

For the appellant, *William B. Gourley* and *George Gold.*

For the respondent, *Guy L. Fake* and *Conkling, Smith & Towe.*

The opinion of the court was delivered by

Black, J. This suit was brought to recover the sum of $2,142.22. The complaint alleges that this sum is due for materials furnished a contractor, Garvin R. McCoach, under a filed contract dated September 14th, 1924, for the erection of a building for the owner, on Prospect Place, in the borough of Rutherford, New Jersey. The suit is against the owner. The complaint further alleges that in advance of the terms and conditions of the contract, the defendant and owner on November 28th or 29th, 1924, paid the contractor the sum of $2,500, and on December 20th, 1924, he made an additional payment of $1,500 on account of the payments thereafter to become due under the contract, in violation of the statute. *Pamph. L.* 1898, *p.* 539; 3 *Comp. Stat., p.* 3298, § 5, *i. e.,* payments; "in advance of the terms of such contract." The trial resulted in a verdict of no cause of action against the defendant. The ground of appeal is alleged error by the trial court in denying plaintiff's motion for a directed verdict.

It may be conceded for argument, under the evidence, that these payments were not due when made, although paid under certificates of the architect. The architect's certificate, however, does not relieve the defendant from liability. *Marshall* v. *Vallejo Commercial Bank,* 163 *Cal.* 469; *Hubbell, &c., Co.* v. *Pentecost,* 89 *Conn.* 262; 40 *Corp. Jur.* 347, § 465b.

Between September 20th, 1924, and December 30th, 1924, the plaintiff furnished the materials sued for to the contractor, Garvin R. McCoach, and on January 9th, 1925, served the stop-notice for $2,142.22 on the defendant, Marinus L. Peterson. The sharp question for solution therefore is, is the defendant liable? Assuming that the payments already made were due when the stop-notice of the plaintiff was served

on January 9th, 1925, this latter was a question of fact, which was specifically submitted by the trial judge to the jury for determination. The verdict of the jury found as a fact that these payments became due to the contractor before January 9th, 1925, the date on which the stop-notice was served upon the defendant.

This disposes of this case and the ground of appeal filed. It was not error for the trial court to deny the plaintiff's motion for a directed verdict, unless the plaintiff's contention is sound, which is based upon the fact that these two payments, viz., November 28th or 29th, 1924, and December 20th, 1924, were made in advance of the terms stipulated in the filed contract, thereby fixing the owner's liability. It was immaterial to the plaintiff's claim under the statute, whether between the date of these payments and the date of the service of the stop-notice, on January 9th, 1925, other work had been done under the contract sufficient to comply with the terms of the contract, thus satisfying the two payments already made.

The jury, as already stated, found that the owner did not pay to the contractor money before it was actually due, but this was confined by the charge of the trial judge to the fact "there was any money due to the contractor at the time of the service of the stop-notice." But assuming that these two payments were made in advance of the terms of the contract, as contended for by the plaintiff, it does not follow that it was error for the trial court to deny plaintiff's motion for a directed verdict. While we find no case in our appellate courts directly in point, yet, what Mr. Justice Dixon said, speaking for the Court of Errors and Appeals, with his characteristic clearness of thought and expression, in the case of *Slingerland* v. *Binns*, 56 *N. J. Eq.* 413, disposes of this point adversely to the plaintiff's contention. Said Mr. Justice Dixon: "This enactment, we think, affords a reasonable clear indication of a legislative purpose to give to persons entitled to serve the statutory notice an inchoate lien upon the liability of the owner under the contract, until that liability matures, according to the terms of the contract, such

lien to become perfect on service of the notice before the liability matures, but to expire on such maturity if no notice has been given, for a notice served after the maturity derives no aid from this provision." Cited with approval in the case of *Taylor* v. *Reed*, 68 *N. J. L.* 178, 183.

The construction of the statute contended for by the plaintiff is too rigid. The owner ought not be subjected to a double payment, unless a reasonable construction of the statute requires it.

The judgment of the Bergen County Circuit Court is therefore affirmed.